This case comes before this court upon an appeal by the plaintiff from an order of the Supreme Court reversing a judgment in his favor, entered upon the report of a referee and ordering a new trial. The order of the Supreme Court fails to show that it was based upon questions of fact. It must therefore be assumed in this court to have been made upon questions of law arising upon exceptions taken by the respondent upon trial, or to the report of the referee as made. The only exception that appears to have been taken by the respondent was to the conclusion of law drawn by the referee from the facts found by him, that the plaintiff was entitled to recover the amount of the note in suit. That is therefore the only question for examination in this court. The referee found, in substance, that on the *Page 488 
20th day of September, 1856, one Douglass Onley made his note for $155, payable one year after date, of which the plaintiff was the owner and holder on the 28th day of March, 1857. That on that day the plaintiff sold said note to the defendant, at auction, for the sum of eighty-five dollars, he being the highest bidder, for which latter sum the defendant gave the plaintiff the note in suit, the purchase of the Onley note being the only consideration therefor. That after the Onley note became due, which was September 23, 1857, the defendant demanded payment thereof of Onley, who refused to pay the same, on the ground that he, Onley, was a minor, and that Onley was in fact a minor under the age of twenty-one years at the time of making such note, and also at the time of demanding payment by the plaintiff. That at the time of the sale of the Onley note, the plaintiff agreed with the defendant that the note was the genuine note of Onley, and not further or otherwise. That at about the time of the commencement of this action, which was the forepart of June, 1858, and not before, the defendant offered to rescind the contract of sale of the Onley note, and return the same to the plaintiff, on the ground that Onley was an infant, and demanded the note in suit of the plaintiff. That no part of the note in suit had been paid. The sale by the plaintiff to the defendant of the Onley note constituted a good consideration for the note in suit. Although Onley was an infant, that did not make his note void. He had the right to ratify it upon coming of age, and thus render it entirely valid. (Roof v. Stafford, 7 Cowen, 169, and cases cited.) This ratification required no new consideration.
The Onley note was not entirely without value, and unless this appeared the consideration of the note in suit was valid. The question whether, upon the sale of a note, the law implies a warranty by the vendor that the note is a valid, subsisting note, upon which a judgment can be obtained against the makers and indorsers, if any, does not arise in this case. That question is precluded by the finding of the referee. That finding upon this point is, that the plaintiff, *Page 489 
upon the sale, agreed that the Onley note was his genuine note, and not further or otherwise. This finding shows that the parties agreed upon the sale of the note that the plaintiff should warrant the genuineness of the signature, but that there should be no further warranty in respect to the note. This as clearly negatives an implied as an express warranty. But, were we at liberty to strike the words, "not further or otherwise," from the finding, the result would, I think, be the same. It would then appear that the plaintiff, upon the sale, expressly warranted the genuineness of the note. This would repel the idea of any implied warranty as to the note in other respects. It would show that the plaintiff assumed the risks as to the genuineness of the note, and the defendant other risks, if any. The maxim that the expression of one excludes the other, applies. Had the note been void, the action would have been defended upon the ground that there was no consideration for the note in suit. There was no fraud practiced by the plaintiff upon the sale. The referee finds that he, as well as the defendant, was ignorant of the infancy of Onley. The remaining question is, whether the defendant had the right to rescind the contract at the time he offered to return the Onley note to the plaintiff, and demanded of him the one in suit. It appears from the facts found, that both parties, at the time of the sale of the Onley note, were ignorant of his infancy. This fact materially affected the value of the note. It was not a valid note, available as such against Onley at the time. No recovery thereon could be had against him unless he ratified it after becoming of age. The contract, therefore, was made under a mutual mistake of a fact materially affecting the interests of the parties, and one which if known would have prevented the parties from entering into it. This gave the right of rescission to the defendant, upon the discovery of the mistake. But this is a right that must be promptly exercised upon discovery of the facts. Any unreasonable delay after such discovery will waive the right and preclude the party from its exercise. The finding does not fix the precise time of the discovery, but the inference therefrom is that it was *Page 490 
as early as October, 1857. No attempt at rescission was made until June thereafter. There was a delay of eight months. That this delay was a waiver of the right, is too clear for argument. A perusal of the evidence, as set out in the case, tends strongly to show that the referee erred in not finding as a fact that the plaintiff warranted the note to be valid upon the sale, and a breach of such warranty. But this court, under the exception, can give no relief upon this ground. (Bergen v. Wemple, 30 N.Y. 319. ) There was no request to the referee to find this fact, nor any exception to his refusal so to find. But it is sufficient that this court has no power to interfere with the findings of fact by the referee. From these facts my conclusion is, that the plaintiff was entitled to recover. The order appealed from must be reversed, and judgment upon the referee's report affirmed.