Edmund Blunt, Appellant, *v.* Elmer Barrett, Respondent.

The complaint herein alleged in substance that defendant wrongfully removed plaintiff's yacht from a certain place in the East river, where she had been laid up for the winter, to another place where she was exposed to danger and that in consequence she sunk and was greatly damaged. Defendant's answer admitted plaintiff's title, the taking and sinking of the yacht, but denied that the taking was wrongful and alleged it was his duty as custodian of the yacht, to remove her to a safe place and that he removed her where he had no reason to apprehend danger. The court charged that "the burden of proof is upon plaintiff and he must establish by a preponderance of evidence that the vessel was removed without authority and without color of authority." *Held*, error ; that, under the pleadings, the burden was upon defendant of showing some right to remove the yacht by way of justification.

As a rule the burden of proof remains where the issue made by the pleadings places it, although the weight of the evidence on one side may have a controlling effect unless met by proof of the other party.

*Blunt* v. *Barrett* (22 J. & S. 548), reversed.

(Argued December 9, 1890; decided January 14, 1891.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 18, 1887, which affirmed a judgment in favor of defendant entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Briggs* for appellant. The court erred in charging that the burden of proof was upon plaintiff, and that he must establish by a preponderance of evidence that the removal of the vessel was without authority and without the color of authority. (*Heinemann* v. *Heard*, 62 N. Y. 448.) The ownership of the yacht by plaintiff and the taking by defendant being admitted by the pleadings, plaintiff's case was fully established and no further evidence was required on his part to show conversion. (*Morris* v. *Danielson*, 3 Hill, 168 ; *Brower* v. *Peabody*, 13 N. Y. 121, 126 ; 1 Greenl. on Ev. [13 ed.] 193 ;

*Ely* v. *Ehle*, 3 N. Y. 506 ; *Demick* v. *Chapman*, 11 Johns. 132 ; *Butterworth* v. *Soper*, 13 id. 443 ; Waite's Act. & Def. 95–110 ; *Harvey* v. *Dunlop*, H. & D. Supp. 193 ; *Haight* v. *Price*, 21 N. Y. 241 ; *Bassett* v. *Porter*, 10 Cush. 420.)

*Charles Blandy* for respondent.    The burden of proof lay upon the plaintiff to show the facts alleged. (*Heilman* v. *Lazarus*, 90 N. Y. 672 ; *Banker* v. *Banker*, 63 id. 409 ; *Slocovich* v. *O. M. Ins. Co.*, 108 id. 66 ; *Cranston* v. *N. Y. C. & H. R. R. R. Co.*, 103 id. 614 ; *Sperry* v. *Miller*, 16 id. 407 ; *Caldwell* v. *N. J. Co.*, 47 id. 282 ; *Christ* v. *Erie*, 58 id. 638.) Even if the trial judge erred in refusing the request to charge, such refusal furnishes no ground for a new trial, because substantial justice does not require a new trial. (Code Civ. Pro. § 1003 ; *Post* v. *Mason*, 91 N. Y. 539 ; *Smith* v. *Lapham*, 87 id. 631.)

BRADLEY, J.    The action was brought for an alleged wrongful taking by the defendant of the plaintiff's yacht from a certain place where she had been laid up for the winter to another place in the East river where she sunk and was greatly damaged.

The question here arises upon the plaintiff's exception taken to the charge of the court to the jury that " the burden of proof is upon the plaintiff and he must establish by a preponderance of evidence that the removal of the vessel was without authority and without color of authority." This calls attention to the issue presented by the pleadings by which it appears that the plaintiff alleged his title to the yacht at the time in question ; and charged that the defendant wrongfully took her from the Knickerbocker Club grounds at Port Morris in the county of Westchester, to the foot of East One Hundred and Nineteenth street in the city of New York, and there attached the yacht to a buoy, where she was subjected to the rising and falling of the tide and exposed to danger ; and that the yacht sunk and was injured.    The defendant by his answer admitted the plaintiff's title, and that he (defendant) took the yacht from and to the places mentioned in the complaint, and

that she sunk; denied that he wrongfully took the vessel there, and alleged that he had the right and it was his duty towards the plaintiff as the custodian of her to remove the yacht to some safe and convenient place; and that he removed her from the place first mentioned to the foot of East One Hundred and Nineteenth street where he had no reason to apprehend any harm to the vessel. It must be assumed under our system of pleadings that the plaintiff took issue upon those allegations justifying the taking, and therefore, the affirmative of such issue was with the defendant. The burden was with the defendant to establish this affirmative defense of justification of the taking so alleged by him; and it was error for the court to charge the jury that the burden to prove the contrary was with the plaintiff. (*Heinemann* v. *Heard*, 62 N. Y. 448.)

When the defendant admitted the taking and the plaintiff's title his defense was dependent upon some right by way of justification to take and remove the yacht, and that was essentially matter to be pleaded by him to render evidence of the fact admissible as a defense. (*Demick* v. *Chapman*, 11 Johns. 132.) And the burden of proof by the issue so made, having been taken by the defendant was not shifted to the plaintiff at the trial. As a rule it remains where the issue made by the pleadings places it, although the weight of the evidence on one side may have a controlling effect unless met by proof of the other party. (*Heilman* v. *Lazarus*, 90 N. Y. 672.)

It may be that the attention of the court was not specifically called to the pleadings, and it may be, as suggested in the court below, that the charge in question did not, in fact, have any influence on the result, but it cannot be seen that it may not have prejudiced the plaintiff; and, therefore, the error cannot be disregarded on review.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.