ROSE v. WELLS.

(Supreme Court, Appellate Division. Third Department. January 11, 1899.)

1. SALES—ACTION FOR PRICE—BURDEN OF PROOF.

In an action on contract for the price of goods, where defendant interposed a general denial, and alleged that the contract was different from that sued on, it was error to refuse to charge that the burden was on plaintiff to prove the contract and the delivery as alleged by him, and instead thereof to charge that the burden was on defendant to show that the contract was as he alleged it.

2. SAME—WARRANTY—WAIVER—INSPECTION.

The buyer's acceptance of the goods without inspecting them is not a waiver of a warranty as to condition, where both parties understood that he was not to see them.

3. EVIDENCE—DECLARATIONS BY THIRD PERSONS—SALES.

A declaration of a buyer's consignee, made on receiving the goods, that they were poor stock and in bad shape, is not evidence of that fact, as against the seller.

Appeal from Cortland county court.

Action by Tobias L. Rose against Harrison Wells. From a judgment entered on the verdict on a new trial on appeal from a judgment in favor of plaintiff rendered on a trial before a justice of the peace, defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Kellogg & Van Hoesen, for appellant.

Irving H. Palmer, for respondent.

LANDON, J. The plaintiff alleged the sale and delivery of a car load of cabbages to the defendant at $7.50 per ton, amounting to $116, and has recovered that sum. The defendant, besides making a general denial, alleged that he promised and agreed to buy a car load of cabbages of the plaintiff at $7.50 per ton, provided they were first quality in every respect, and said to the plaintiff that he had not seen the cabbages, and, if the cabbages sold for less than $7.50 per ton, the plaintiff was to stand the loss, to which the plaintiff agreed; that the cabbages were in fact poor and unmerchantable, in consequence of which the defendant only received $47.04 therefor. The contract was made over the telephone; the plaintiff being at East Homer, N. Y., and the defendant at Cortland, N. Y. The defendant at the same time gave the plaintiff directions to ship the car of cabbages from East Homer to E. F. Lynch & Co., Pittsburg, Pa., which the plaintiff immediately did. The defendant never saw the cabbages. He subsequently received only $47.04 from his consignees. The plaintiff himself testified that he guarantied the cabbages to be all right, or guarantied the stock. The evidence was conflicting upon the issue whether the price was absolute, or conditional upon what defendant should get for the cabbages, and also whether the cabbages corresponded with the guaranty. We are asked to set the verdict aside as against the clear weight of the evidence, but, upon the evidence, the question was for the jury.

The defendant asked the court to charge the jury:

"That the burden of proof is upon the plaintiff to prove the contract of sale and delivery of the cabbages as claimed by him. The Court: The burden of proof is upon the defendant to show that the arrangement was as claimed by the defendant, if they find such a one was made."

This was an error too serious to be disregarded. Blunt v. Barrett, 124 N. Y. 117, 26 N. E. 318.

The defendant asked the court to charge:

"That if the jury finds that the contract is as claimed by the plaintiff, and that there was an acceptance and delivery, they must also find, in addition to that, that the cabbages were warranted and guarantied by the plaintiff; and, if they were not as guarantied and warranted by the plaintiff, the plaintiff cannot recover. The Court: I decline to charge other than as I have upon that."

The plaintiff was entitled to recover $47.04 upon defendant's evidence, and therefore this request, as a whole, was too broad.

It was not error to exclude from evidence the letter written by the consignees of E. F. Lynch & Co. to the latter, and by them sent to defendant, who exhibited it to plaintiff, and at the same time tendered him $47.04, which plaintiff refused. This letter contained an account of the sale of the cabbages in Pittsburg, and stated that the market was dull, and the cabbages "poor stock and in bad shape," and therefore the greater part of them had to be sold for so little, with a net result to the consignors of only $47.04. This declaration of a third party, made after the contract between plaintiff and defendant, could not affect the plaintiff, unless he in some way accepted or admitted it. He did neither, but repudiated it, and refused the tender of payment because the amount was too small.

It does not appear from the record or otherwise that the answer of Charles Cannon, a witness examined upon commission, to the fourth interrogatory, had reference to the cabbages in question, and therefore its exclusion was not error.

This case has been tried three times, and, as we must order a new trial upon the ground of the error as to the burden of proof, we think it proper to say, if the plaintiff's version of the case is true,—that there was a sale of the cabbages at $7.50 per ton, with warranty of their condition (that is, that they were in fair, merchantable condition, not poor or damaged stock),—and if there was a breach of the warranty, the defendant was entitled to set off against the contract price his damages caused by such breach of the warranty. The warranty was pleaded, and the plaintiff testified that he warranted the stock. If the defendant's version of the case is true, then he bought the cabbages relying upon the warranty, at the price of $7.50 per ton, if he should sell them for a price yielding him not less than that sum. If, however, from breach of warranty or dullness of the market, the cabbages should yield him less than $7.50, he was to pay the plaintiff whatever he received, and no more. It was the price, not the sale, that was conditioned and dependent upon the warranty, provided, however, the price should yield the defendant less than $7.50. The acceptance by the defendant of the cabbages without seeing or inspecting them was no waiver of the warranty,

since both parties understood that he was not to see or inspect them.

Judgment reversed; new trial granted; costs to abide the event. All concur.