JOHN TURL'S SONS, Inc., v. WILLIAMS ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

1. SALES (§ 273*)—WARRANTIES—IMPLIED WARRANTY.

When a contract for the sale of goods by the manufacturer is executory, in the absence of an express warranty as to quality, there is an implied warranty that they are reasonably fit for the purpose for which they were intended and purchased.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 772–776; Dec. Dig. § 273.*]

2. EVIDENCE (§ 90*)—BURDEN OF PROOF.

The burden of proof in any proceeding lies on the party against whom the judgment would be given if no evidence were introduced, regard being had to any presumption which may appear upon the pleadings.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 112; Dec. Dig. § 90.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. SALES (§ 267*)—WARRANTIES—EXPRESS WARRANTIES.
    An express warranty as to quality precludes an implied warranty with reference thereto, even though it relate to a different quality.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 760; Dec. Dig. § 267.*]

4. SALES (§ 439*)—REMEDY OF SELLER—ACTION FOR PRICE—BURDEN OF PROOF.
    In a suit for the purchase price of a machine, where defendant pleaded breach of an express warranty, the burden was on it to show the existence of the warranty and its breach.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1258–1260; Dec. Dig. § 439.*]

Appeal from Trial Term, Orange County.

Action by John Turl's Sons, Incorporated, against the Williams Engineering & Contracting Company. From an order granting a new trial, defendant appeals. Affirmed.

See, also, 130 App. Div. 886, 114 N. Y. Supp. 1132.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Nathan Burkan, for appellant.

John Cunneen (William W. Niles, on the brief), for respondent.

BURR, J. Plaintiff brings this action as the assignee of Joseph E. Kennedy to recover the purchase price of a concrete mixer manufactured for the defendant by said Kennedy. The jury rendered a verdict for the defendant, and the learned justice presiding at the Trial Term set the verdict aside and granted plaintiff's motion for a new trial for errors in the charge as to the burden of proof. The jury were told that:

"The burden of proving that this machine was ordered and sold without any warranty, without any representation, rests upon the plaintiff, and that means that the plaintiff must satisfy you by a fair preponderance of the evidence * * * that Williams ordered this machine manufactured and delivered to the defendant without receiving from Kennedy any representation or warranty respecting the quality of the machine or the work that it would do."

If the defense in this case had rested upon the breach of an implied warranty, the rule as stated would have been correct. When the contract is executory, in the absence of an express warranty as to quality, there is an implied warranty, upon the sale of a chattel by the manufacturer thereof, that the chattel is reasonably fit and suitable for the purpose for which it was intended and was purchased. Hoe v. Sanborn, 21 N. Y. 552, 78 Am. Dec. 163; Edwards v. N. Y. & H. R. R. Co., 98 N. Y. 245, 50 Am. Rep. 659; Bierman v. City Mills Co., 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635. There being a presumption that such warranty exists, the burden of proof rests on the plaintiff to establish that in fact there was none. "The burden of proof in any proceeding lies * * * on that party against whom the judgment * * * would be given if no evidence at all were produced on either side, regard being had to any presumption which may appear upon the pleadings." Stephen's Digest of the Law of Evidence (Beers' Ed.) art. 95.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Counsel for defendant contends that the language of the trial justice may be deemed to relate to implied warranties only. But the defendant here did not rely upon an implied warranty that the chattel was generally fit and suitable, but upon representations as to quality that are in the nature of express warranties, to wit, that it could be operated by hand by two men, that it would discharge concrete in half-yard batches, that it would work to the entire satisfaction of the defendant, and that if it did not defendant should have the right to return it. An express warranty with reference to quality precludes an implied warranty with reference thereto even though it relate to a different quality. Baldwin v. Van Deusen, 37 N. Y. 487; De Witt v. Berry, 134 U. S. 306, 10 Sup. Ct. 536, 33 L. Ed. 896; Carleton v. Lombard, Ayres & Co., 72 Hun, 254, 260, 25 N. Y. Supp. 570; Deming v. Foster, 42 N. H. 165. Although the decision in the Carleton Case above referred to was reversed in the Court of Appeals (149 N. Y. 137, 43 N. E. 422), the rule above stated was not only not questioned, but was expressly affirmed, as appears from the opinion on the motion for a reargument (Carleton v. Lombard, Ayres & Co., 149 N. Y. 601, 44 N. E. 1121).

That the jury could not have understood the charge as relating to an implied as distinguished from an express warranty is emphasized by the fact that, when counsel for defendant asked the court to charge the law relating to implied warranty, it refused upon the ground that the answer alleged an express warranty and that the case had been tried upon that theory. Therefore, when counsel for plaintiff excepted to that portion of the charge in which the jury were instructed "that the burden of proof is on the plaintiff in relation to the warranty," they must have understood that it related to the express warranty which was relied on in that case. Breach of an express warranty is an affirmative defense, and the burden of proving such a defense is upon the defendant. Blunt v. Barrett, 124 N. Y. 117, 26 N. E. 318. The burden of proof, therefore, in this case was upon the defendant to show, in the first place, the existence of the express warranty alleged, and then the breach of it.

Plaintiff was only called upon to meet such evidence after it had been introduced, and the duty did not devolve upon it of establishing the negative, that there had been no such warranty as defendant claimed. The contract was oral, and one of the chief questions litigated upon the trial was whether such representations as the defendant alleged to have been made were in fact made. We cannot say that the error above referred to was a harmless one, and therefore the motion for a new trial was properly granted.

The order setting aside the verdict and granting the motion for a new trial should be affirmed, with costs. All concur.