SIMON v. KRIMKO et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. EVIDENCE (§ 91*)—BURDEN OF PROOF.
   The burden of proof lies on the party asserting an affirmative fact.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 113; Dec. Dig. § 91.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** BILLS AND NOTES (§ 499*)—PAYMENT—BURDEN OF PROOF.

Under the rule that possession of a written instrument evidencing an indebtedness due from the maker thereof to the holder is presumptive evidence of its nonpayment, where defendants counterclaimed the amount of a check given them by plaintiff and introduced the check in evidence, the burden of proving payment thereof was on plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1695-1697; Dec. Dig. § 499.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Abraham H. Simon against William Krimko and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Charles C. Peters, for appellants.

Max Lehman, for respondent.

RICH, J. This action was brought to recover upon a claim for professional services rendered by plaintiff for defendants as an attorney at law. The answer was a general denial, and defendants set up a counterclaim of $163.98, as follows: $73.98 as the value of merchandise delivered to the plaintiff, which is conceded, and $90 as the amount of a check made by plaintiff to defendants, dated July 3, 1908. The plaintiff claimed that the check had been paid, and the issue raised by this claim was sharply contested upon the trial. The Municipal Court justice, in charging the jury in reference to this counterclaim, said:

"I charge that payment is an affirmative defense, and is something that requires affirmative proof; but I charge that a counterclaim is in its nature by way of complaint, and the burden of proof is on the defendants to make out their counterclaim by a fair preponderance of evidence."

After excepting to this charge, counsel for defendants requested the justice to charge as follows:

"I ask your honor to charge that, so far as the plaintiff claims he paid the check, the burden of proof is upon him to establish the payment, and by offering the check the defendants prima facie make out their counterclaim."

This request was refused, and the exception to the refusal presents reversible error. The rule is that the burden of proof lies upon the party asserting an affirmative fact. In the case at bar several issues were involved, and the burden was upon each party to establish his particular claim. The defendants, as proof of the counterclaim, introduced the check in evidence, and relied upon the presumption of nonpayment. It is the settled law that possession of a written instrument, evidencing an indebtedness due from the maker thereof to the holder, is presumptive evidence of its nonpayment. The plaintiff claimed that the check had been paid, and the burden of proving payment was thrown upon him (Conkling v. Weatherwax, 181 N. Y. 258,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

73 N. E. 1028), and it was the duty of the Municipal Court justice to so charge.

The judgment and order of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.   All concur.