Matter of the Estate of ROBERT BENSON, Deceased,

(Surrogate's Court, New York County, February, 1917.)

Transfer tax — who entitled to exemption — taxes — the word "sister" in section 221-a(1) of Tax Law (before amendment of 1916) construed.

The word "sister" in section 221-a(1) of the Tax Law relating to taxable transfers (as it stood prior to the amendment of 1916) does not include one adopted as a daughter by the parents of a decedent, so as to entitle her to the exemption and rate of tax prescribed for a natural sister.

APPEAL from an order assessing the transfer tax.

Bowers & Sands, for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S.   The transfer tax appraiser reported that the value of the bequest given by the decedent to Harriet Goodwin Browne was $54,410.55; that she was a " sister by adoption " of the decedent, and was, therefore, entitled to the exemption and rate of taxation prescribed for transfers of property to the natural sisters of a decedent.   From the order entered upon the appraiser's report the state comptroller has taken this appeal.

It is alleged by the executor that Sarah V. Benson adopted as her daughter Harriet Goodwin Browne. Sarah V. Benson was the mother of the decedent and Harriet Thornburg. The latter was the mother of Harriet Goodwin Browne. Sarah V. Benson, therefore, was the grandmother of Harriet Goodwin Browne, and the latter was a niece of the decedent. She is described in the will of the decedent as his niece. She was adopted by her grandmother, Sarah V. Benson, as her daughter, and the appraiser found that she was a " sister by adoption " of the decedent.

I have been unable to find, either in the Domestic Relations Law or the Transfer Tax Law, any provision of law creating or defining a " sister by adoption." Section 110 of the Domestic Relations Law defines adoption as " the legal act whereby an adult takes a minor into the relation of child and thereby acquires the rights and incurs the responsibilities of parent in respect to such minor." The relation created by adoption is that of parent and child; there is no provision in the statute for the creation of the relation of brother and sister by adoption.

Section 221-a of the Transfer Tax Law provides that the rate of tax upon all transfers to any " sister * * * or any child or children adopted as such in conformity with the laws of this state, of the decedent * * * shall be one per centum on any amount in excess of $5,000 up to the sum of $50,000." There is no proof that the adoption of Harriet Goodwin Browne by the decedent's mother was in conformity with the laws of this state. As the law specifically provides that in order to entitle an adopted child to the exemption and rate of taxation prescribed for legitimate children there must be proof that such adoption was made in conformity with the laws of this state, it would seem to follow that when the relation-

ship of the legatee to the decedent is dependent upon the alleged adoption of the legatee by a person other than the decedent, such adoption must also be proved to be in conformity with the laws of this state. The failure of the legatee, therefore, to prove that she was adopted by the mother of the decedent in conformity with the laws of this state would seem to warrant a denial of the contention that she is entitled to the exemption and rate of tax prescribed by statute for natural sisters of the decedent.

Apart from this, however, I am inclined to think that the meaning of the word " sister " in subdivision 1 of section 221-a of the transfer tax statute was not intended by the legislature to include within its signification a person adopted by a decedent's parents. If the legislature had intended that a person adopted by the parent of a decedent should be entitled to the exemption and rate of tax prescribed for natural brothers and sisters, it is reasonable to assume that it would have made express reference to such relationship by adoption, as it had to an adopted child of the decedent. The fact that the legislature specifically provided that a child adopted in conformity with the laws of this state should be entitled to the exemption and rate of tax prescribed for legitimate children of the foster parents, while nothing was said about persons adopted by the parents of a decedent, would seem to indicate that the legislature did not intend to extend to the latter the exemption and rate of taxation provided in subdivision 1 of section 221-a of the Tax Law.

In *Matter of Cook,* 187 N. Y. 253, the court held that a child of an adopted child was a " lineal descendant " of the foster parent within the meaning of those words in the Tax Law, but the reasoning of the court was based upon the provisions of the Domestic Relations Law which provide that an adopted child and his heirs

shall be entitled to inherit from the foster parent the same as a legitimate child. While section 114 of the Domestic Relations Law provides that an adopted child may inherit from the foster parents in the same manner and to the same extent as a legitimate child of such parents, there is no provision which entitles the adopted child to inherit from the collateral relatives of the foster parent. It has, therefore, been held that an adopted child has no right to inherit through the foster parent from his collateral kin. *Kettell* v. *Baxter,* 50 Misc. Rep. 428. In *Matter of Duryea,* 128 App. Div. 206, the court followed the decision in *Matter of Cook, supra,* by holding that the widow of an adopted son was entitled to the exemption and rate of tax prescribed for the " widow of a son " within the meaning of those words in the Tax Law. The reasoning of those cases, however, does not seem to warrant the conclusion that the word " sister " in the Transfer Tax Law embraces in its signification a female adopted as daughter by the parents of a decedent so as to entitle her to the exemption and rate of tax prescribed by the Tax Law for the natural sister of a decedent.

The order fixing tax will, therefore, be modified so as to provide for taxation of the interest transferred to Harriet Goodwin Browne at the rate prescribed by subdivision 2 of section 221-a of the Tax Law.

Order modified.