In the Matter of the Estate of PAULINE A. LEAVITT, Deceased.

Surrogate's Court, New York County, June 21, 1929.

*Arthur S. Johnson*, for the petitioner.

*Charles A. Curtin*, for the State Tax Commission.

O'BRIEN, S. The question presented here is whether a transfer from the adopted daughter of Caroline B. Richter to the natural son of Caroline B. Richter is taxable at five per cent or at two per cent. The decedent is the adopted daughter and Heinrich Ries the natural son of the said Caroline B. Richter. The appraiser has reported the entire estate as passing to Heinrich Ries and the taxing order has assessed a tax against him at the rate of five per cent. From this order the administrator appeals upon the ground that, pursuant to the provisions of subdivision 2 of section 221-a of the Tax Law, the tax should be assessed at two per cent as against a " brother by adoption."

The appeal is denied. Subdivision 2 of section 221-a of the Tax Law (added by Laws of 1911, chap. 732, as amd. by Laws of 1921, chap. 476) provides that a tax to a brother upon a like transfer shall be assessed at the rate of two per cent. Nowhere does it provide for a tax at that rate to a " brother by adoption." Neither

in the Domestic Relations Law nor in the Tax Law is there any provision that the natural child of one person shall be considered the brother of an adopted child of the same person. It is true that section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608) provides that the heirs and next of kin of the person adopted shall be the same as if he were the legitimate child of the person adopting. In other words, by virtue of this statute Heinrich Ries is made the next of kin of the decedent. The Domestic Relations Law has specifically provided that " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other * * *." It has not provided that the natural son of a person shall sustain toward the adopted daughter of that person the relation of brother and sister. Likewise the Legislature has provided, in section 221-a, subdivision 1, of the Tax Law (added by Laws of 1911, chap. 732, as amd. by Laws of 1921, chap. 476), that the rate of tax upon a transfer to an adopted child shall be the same as upon a transfer to a legitimate child. It has not provided that the rate of tax upon a transfer to a legitimate child from an adopted child shall be the same as upon a transfer to a legitimate child from another legitimate child. This fact indicates that the Legislature did not intend that a legitimate child of the foster parent of an adopted child should be taxable as a brother of the adopted child.

Mr. Surrogate FOWLER discussed the same question in *Matter of Benson* (99 Misc. 222) and reached the same conclusion as arrived at by me herein. In *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239, 241) the court, in discussing the relationship between the adopted child and its foster parents, said " while the adopted child, for the purposes of inheritance, becomes and is the lawful child of the adopting parent, the statute does not provide that it shall become his child, or make it the heir at law or next of kin of his father or of any of his collateral relatives. The identity of the child is not changed. It is given the right to inherit as a child without being a child, and that is as far as the statute goes." *A fortiori*, if an adopted child is not the child of the person adopting, a legitimate child of the foster parent of an adopted child is not a brother of such adopted child. The word " brother " in section 221-a, subdivision 2, of the Tax Law, therefore, does not include a legitimate child of the adopted child's foster parents and the taxing order has correctly assessed the tax on the transfer at five per cent.

An order may accordingly be submitted, on notice, denying this appeal and affirming the taxing order.