In the Matter of the Estate of WARREN S. M. MEAD, Deceased.

Surrogate's Court, Kings County, December 23, 1932.

894

Harry M. Peyser [Jerome M. Hirsch on the brief], for the State Tax Department.

Gustav Lange, Jr., for Sara F. Mead, executrix, appellant.

WINGATE, S. So far as reported decisions disclose, the present appeal from the *pro forma* order of this court assessing the estate tax herein raises a previously undetermined question respecting the new method of taxation of decedents' estates enacted in article 10-C of the Tax Law, added by chapter 710 of the Laws of 1930.

The sole ground of appeal is " that the said report of the appraiser, filed in this Court on the 30th of June, 1932, fails to allow exemption for certain vested charitable remainders amounting to $124,116.97, which remainders have a deductible present worth of $77,427.89."

The value of the gross estate as fixed by the appraiser was $296,416.19. This valuation is not questioned.

The controversy arises as a result of the provisions in the item of testator's will designated " fourth," which reads as follows:

" I hereby give and bequeath to my dear wife, Sara Florence Mead, during the term of her natural life, the use of and income from all the rest, residue and remainder of my property, of which I may die seized and possessed, both real, personal and mixed, and wheresoever situate, and *I will and direct that my said wife may use any or all of the principal or corpus of said rest, residue and remainder of my estate, both real and personal, and that no one shall question her activities in the matter.*  If at any time prior to her death she deems it for the best interests of my estate that any part of or all of my said property shall be sold, I authorize and empower my said wife, as such Executrix and Trustee, to sell, transfer and/or convey any or all of the said rest, residue and remainder of my estate, both real and personal, either at public or private sale, and to give good and sufficient deed or deeds or instruments of transfer and/or conveyance therefor, and to use or re-invest the proceeds derived from such sales, as she may desire."  (Italics not in original.)

The fifth item of the will provides that " upon the death of my said wife, if she has not disposed of the following property during her life," certain specific legacies shall be paid to named individuals.

The sixth item directs that " upon the death of my said wife, if there is a sufficient amount of my estate left, which she has not disposed of, as hereinbefore provided," eighteen general legacies, in specified amounts, shall be paid, it being further provided that " If there is not a sufficient amount of my estate left after the death of my wife to pay in full the foregoing legacies bequeathed in this ' Sixth ' paragraph of my Will, then it is my will that each of said legatees shall be paid an equal portion of the legacy herein bequeathed and that no one of said legacies shall be paid in full to the exclusion or reduction of any other legacy bequeathed in this paragraph of my said will."

The eleventh item, which is the basis of the present controversy, bequeaths the remainder of testator's property in specified percentages to eight allegedly charitable institutions.

The complaint of the executrix is directed against the failure of the appraiser and of the *pro forma* order entered upon his report to allow any deductions by reason of the remainder gifts in the eleventh item of the will to the alleged charities.

It seems unquestionable that much of the confusion of counsel in this case would have been avoided had the differentiation between an estate tax, and a transfer or succession tax been clearly borne in mind.  The statute under which the present tax has been assessed is an estate tax in the strict sense of the word and as such is an exaction demanded by the sovereign as a condition to the exercise

by the decedent of the privilege of transmitting his property upon death. (*Matter of Weiden*, 144 Misc. 854, 857, 858.) It is not in any aspect an exaction or tax against any particular beneficiary named in the will, and neither in the appraiser's report nor in the *pro forma* order, is any portion of the total tax, payable by the estate, allocated against any particular individual. In this respect it differs diametrically from the transfer tax formerly in vogue in this State, which was assessed against the individual recipient and was a condition imposed upon his right to take. Being a tax upon the estate as a whole it is to be computed upon the entire property of the estate in the particular manner which the statute prescribes. In this aspect, the ultimate rights of any individual to receive portions of the property of the estate are of no moment.

The statute provides in section 249-r that the "value of the gross estate of the decedent shall be determined by including the value at the time of his death" of all the items of property specifically set forth therein.

The succeeding section, namely, 249-s, then reads in part: "Net estate. For the purpose of the tax the value of the net estate shall be determined by deducting from the value of the gross estate" certain specified items named in its three subdivisions. None of these is here material with the exception of subdivision "3," which reads in part as follows: "The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation * * * organized and operated exclusively for religious, charitable" and like purposes.

Under the terms of the will at bar, no amount is specified for the legacies to the religious and charitable corporations named in the eleventh item of the will, but they are given certain specified percentages of the sums which may remain after the expiration of the use of the corpus by the widow and the payment of the legacies in items fifth and sixth.

Of course, no invidious distinction is to be made against this estate by reason of the fact that the alleged charitable gifts are in percentages of the residue instead of in specified amounts, provided the sums which will become payable to the remaindermen are reasonably capable of ascertainment.

The gross estate having been fixed in a conceded amount, the deductions therefrom pursuant to section 249-s, for the purpose of fixing the net estate upon which, under section 249-n, the tax is to be assessed, are, on primary principles of proof, a matter for demonstration by the estate.

As was said in *Turl's Sons, Inc.*, v. *Williams Engineering & Contracting Co.* (136 App. Div. 710, 712), "the burden of proof in

any proceeding lies * * * on that party against whom the judgment * * * would be given if no evidence at all were produced on either side, regard being had to any presumption which may appear upon the pleadings."

In the present proceeding, the gross estate, not being in controversy, it would necessarily follow that the gross estate and the net estate must be identical, in the absence of a demonstration by the executrix of the existence of specific ascertainable amounts properly deductible from the gross estate within the provisions of section 249-s. In other words, to authorize the appraiser to make any deduction from the gross estate, the burden is cast upon the estate representative to demonstrate in dollars and cents the permissible deductions which, under the terms of the statute, may be subtracted therefrom in order to arrive at the figure representing the net taxable estate. The existence of this burden is tacitly recognized by the executrix in her notice of appeal, which states that these remainders have a deductible present worth of $77,427.89. The law and the course of the pleadings having placed this burden upon the executrix, the rule becomes applicable " that the burden of proof lies upon the party asserting an affirmative fact " (*Simon* v. *Krimko*, 139 App. Div. 187, 188), which principle has uniformly been held applicable to tax controversies. (*Matter of Cummings*, 142 App. Div. 377, 391; *Matter of Benson*, 99 Misc. 222, 224; *Matter of Altman*, 87 id. 255, 258.)

The executrix, however, has wholly failed to demonstrate that these remainders are worth $77,427.89 or any part thereof. Whether or not they will have any value whatsoever will depend wholly upon the manner of exercise by the widow of the wholly unrestrained absolute power of disposition of the entire corpus of the estate for her own purposes given by the fourth item of the will above quoted. This fact is recognized by the testator himself, since the legacies given by the fifth and sixth items, which are preferred over those in the residuary clause, are expressly conditioned on the existence of sufficient property remaining undisposed of upon the death of his wife. Furthermore, in the last quotation from the will, he recognizes and provides for the possibility that the exercise of the widow's absolute power of personal consumption of the corpus of the estate may so deplete it that there will not be enough remaining to pay even the general legacies of the " sixth " item which are preferred over the remainder gifts. (*Matter of Smallman*, 138 Misc. 889, 905, and cases cited.)

The extent to which the power of invasion for her own purpose may be exercised by the widow is not capable of estimate or approxi-

mation, particularly in times like the present when incomes have universally fallen to a low ebb. It would indeed be a rash individual who would pay $77,000 or indeed any other sum for these interests which are subject to absolute defeat at the need or caprice of the life tenant. Under such circumstances, neither the executrix nor any other person can determine either what they are presently worth, or what, if anything, the residuary legatees will ever receive from them, since the matter is entirely within the caprice of the life tenant. It follows, therefore, since the executrix has for obvious reasons wholly failed to sustain the burden which the law casts upon her of demonstrating the amount of the legacies to which the residuary charities will be entitled within the terms of subdivision 3 of section 249-s, that the action of the appraiser in declining to make any deduction from the gross estate in this regard was entirely correct.

The Federal decisions cited by the appellant are in no way applicable to the present proceeding, since on the terms of the wills then construed the power of invasion by the life tenant was limited and its amount capable of estimate. It is almost a legal axiom that decisions construing the legal effect of particular wills are worthless as authorities in the adjudication of the rights resulting from testamentary documents directing divergent dispositions. (*Matter of Mehler,* 143 Misc. 63, 66, 67; *Matter of McCafferty,* 142 id. 371, 373; affd., 236 App. Div. 678; *Matter of Weissmann,* 137 Misc. 113, 114; affd., 232 App. Div. 698; *Matter of Rossiter,* 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583, and cases cited.)

Decisions construing the former Transfer Tax Law are also inapplicable, since the entire system of taxation has been changed, and under the former statute the real taxing of remainders was postponed until the occurrence of the event when the fact was capable of ascertainment, while under the present act the fixation is final when first made.

Considerable stress has been laid by appellant on the alleged fact that the remainders to the charities are vested. Whereas it may be true in a sense that their gifts were conditionally vested upon the death of the testator, such vesting was distinctly subject to divestment in the event of the exercise by the life tenant of her unquestionable rights under the will to dispose of all of the property in the estate for any purpose which her uncontrolled discretion might dictate. The particular nature of the estate is, however, a matter of no importance whatsoever, since the sole question of interest under the statute is whether or not the executrix is able to point to a certain definite amount which is reasonably attributable

to these remainder gifts. This she has not done and cannot do. In the tax schedules filed with the appraiser and on which his report was based no value was given by the executrix to the possible benefits to the charities. The report of the appraiser but followed her statements in this respect. Since no amount is shown to be attributable to these gifts, it follows, under the terms of the statute, that nothing is deductible in this regard from the gross estate. The appeal is, therefore, dismissed.

Proceed accordingly.