## In the Matter of the Estate of JOSEPH ROTHFELD, Deceased.

Surrogate's Court, Kings County, May 17, 1937.

*Harry M. Peyser* [*Jerome M. Hirsch* of counsel], for the State Tax Commission.

*Louis H. Samuels*, for the executors.

WINGATE, S.    The present appeal by the State Tax Commission from the *pro forma* order fixing the estate tax  presents an interesting question of some general importance which, if the memoranda of both litigants are to be credited, has never previously been made the subject of direct adjudication.    Unlike many other tax questions which have engaged the attention of the courts since the new law took effect in 1930 (Laws of 1930, chap. 710), only indirect light on the proper solution is obtainable from Federal decisions, since the particular provision, the meaning of which is here involved, namely, section 249-q, has no exact parallel in the similar United States statute.

The question, in brief, concerns the right of the estate to an exemption with respect to a testamentary gift to the widow of the decedent where her right to the continuation of the benefit is expressly conditioned on her failure to remarry.

A preliminary objection has been interposed to the hearing of the appeal on the ground that the notice thereof is defective. So far as pertinent, this states its grounds to be: " That an error was made in granting a personal exemption of $20,000 to the widow herein, whereas said widow was not entitled to any exemption for the reason that the life estate in the residuary for her life or until her remarriage, was a contingency which might defeat the said life estate, and that no exemption can be permitted under the Tax Law unless there is fixity and finality in the vesting of the interest of the person claiming the said exemption, and of the amount thereof."

It is, of course, patent that the grounds of appeal as stated do not possess absolute and meticulous accuracy since the tax under this law is one imposed upon the estate as such (Tax Law, § 249-n) and not on any individual beneficiary thereof (*Matter of Weiden,* 144 Misc. 854, 857, 858; revd. on other grounds, 263 N. Y. 107), wherefore any credits (§ 249-o) or exemptions (§ 249-q) allowed are credits or exemptions to the estate and not to the individual, as was the case under the former Transfer Tax Law, which imposed a tax on the right of inheritance of each particular beneficiary.

By reason, however, of the provisions of section 124 of the Decedent Estate Law requiring an equitable apportionment of taxes assessed against the estate to the several recipients of its distributable assets, the difference between the two varieties of laws has in this respect become substantially negligible in operation, with the result in the present instance that the stated basis of the appeal recites the practical effect of the ruling to which the complaint is addressed.

There is consequently no conceivable inference of prejudice possible in the slight misstatement of the notice, and the respondent, in his brief, admits this fact with commendable candor. In view of these facts, the immaterial misdescription of the notice must be disregarded. (Civ. Prac. Act, § 105; *Rosenberg* v. *General Realty Service, Inc.,* 259 N. Y. 123, 125.)

Approaching a consideration of the merits of the appeal, it may be noted that the decedent died on March 14, 1935, and that his will was admitted to probate on the sixteenth of the following April. By its fourth item it erected a trust of the entire residuary estate, valued by the appraiser at $61,014.13, directing that its

income be paid " to my wife, Minnie Rothfeld for and during the term of her natural life *or until she shall remarry.*" (Italics not in original.)

The appraiser ascertained from the Superintendent of Insurance that the value of an unconditioned life estate in the specified total of the residue of the estate, at the age which the widow had attained at the date of death, was $24,519 and against this gift and the other benefits received by her as a result of the death, allowed an exemption of $20,000 pursuant to the provisions of section 249-q of the Tax Law. The grievance of the State Tax Commission arises from the allowance of this exemption.

The primary purpose of the enactment of the present Estate Tax Law was to substitute a definite immediately ascertainable impost upon the privilege of transmission of property on death, for the previous system which postponed final fixation where gifts were dependent on presently unascertainable conditions or contingencies, until after the eventuation of such contingencies and conditions had made the actual devolution ascertainable. This is not only wholly patent from a comparative study of the two systems but was made the subject of express comment by the Commission to Investigate Defects in the Laws of Estates (Legis. Doc. 1930, No. 69, see particularly p. 65 *et seq.* and p. 195 *et seq.*), on the recommendation of which the new system received legislative approval. (*Matter of Person,* 147 Misc. 398, 399.)

As the estate tax is one which is imposed upon the privilege of the decedent to direct the devolution of his assets on death, and not, as was the transfer tax, on the right of the successor in interest to receive (*Matter of Davison,* 137 Misc. 852, 859; affd., 236 App. Div. 684; *Matter of Burroughs,* 137 Misc. 844, 848; *Matter of Lauderdale,* 150 id. 214, 216), it follows as a logical matter that *prima facie* all property thus beneficially transmitted by the decedent is subject to the specified impost and this is the preliminary statement of the law, included in its first section following the definition of the terms thereinafter employed. (Tax Law, § 249-n.)

It may be observed parenthetically that this diversity of basis of tax is of vital importance for recollection, since it alters the location of burden of proof in many respects from its position under the Transfer Tax Law. There, the tax being imposed on the benefit received by the individual recipient, made necessary a demonstration by the taxing authority of the fact and value of such benefit as a condition to its taxability.

From the amount of the estate tax thus *prima facie* payable as a result of the calculations under section 249-n, certain subsequent sections, namely, sections 249-o and 249-q, authorize specified

deductions which are respectively denominated " credits " and " exemptions," which in certain enumerated situations permit the deductions from the tax expressly and unequivocally imposed in the ordinary case by section 249-n of sums expressly specified or computable in a prescribed manner.

Since the exception to the usual rule of taxability of all beneficially transmitted assets is permitted only in these strictly limited situations, the burden of proof is inevitably imposed upon the person asserting that his case comes within the excepted enumeration, to demonstrate that fact. (*Matter of Mead*, 145 Misc. 893, 896, 897.)

This is particularly obvious in respect to the " credits against tax," authorized by section 249-o which permits a deduction from the tax ordinarily payable as a result of the computations under section 249-n, of certain sums actually paid as death taxes to other States.

It is, however, no less apparent under section 249-q. This section does not direct that the value of property passing to persons bearing the stated relationships to the decedent shall be excluded from the figure of the net estate upon which the *prima facie* tax is assessable under section 249-n. On the contrary, *all* property beneficially passing to every one is included as the basis for the preliminary assessment and when the total preliminary tax is thus determined, a deduction therefrom is authorized to the extent of four-fifths of one per centum of the value of the net estate, not exceeding $20,000, transferred to a spouse, or not exceeding $5,000, transferred to other specified relatives. Thus if, in a taxable estate, the beneficial gift to a wife amounts to $10,000, the estate is entitled by the terms of this section to a credit of $80 against the tax as originally computed against the entire net estate pursuant to the provisions of section 249-n.

To entitle the estate to any offset against the tax on this score, a series of affirmative demonstrations on its part is an essential prerequisite. It must show as a preliminary that the decedent left a surviving spouse or other specified relative and that such spouse or relative received a beneficial transmission of assets from the deceased. These demonstrations alone are, howevei, insufficient bases upon which to predicate an arithmetical calculation. It must further be shown what the actual value of the gift to the spouse was since by the terms of the section authorization is given only for a credit in dollars and cents of four-fifths of one per cent of the value of such gift.

It is at this point that the difficulty in the demonstration imposed upon the present estate arises. What is the value in dollars and

cents of the gift to the present widow? Were it outright or limited upon a contingency predictable according to ordinary human experience, the calculation could readily be made. The duration of a person's life is thus predictable. The vagaries of a woman's affections are not. There is an inference based on human experience that a person who has attained a specified age will continue to live for a given number of additional years. Human experience furnishes no clue to the question of the probability of remarriage of a widow, or if such remarriage is to occur, the time which will elapse prior to the date of the happening of the event.

Presumably the gift has a value. That such value is not equivalent to an unconditioned life benefit has been authoritatively established. (*Matter of Byrnes* [FOLEY, S.], 141 Misc. 346, 347, 348; affd., 235 App. Div. 782; affd., 260 N. Y. 465.) Since its value is less than that of an indefeasible estate, the question is raised as to what absolute concrete value may be assigned to it. Ultimate authority in the person of Mr. Justice BRANDEIS, writing for the unanimous United States Supreme Court, has determined this question to be unanswerable. In a litigation involving the contingency of a girl marrying before the age of forty, he observed (*Humes* v. *United States*, 276 U. S. 487, 494): " Neither the taxpayer, nor revenue officer — even if equipped with all the aid which the actuarial art can supply — could do more than guess at the value of this contingency.'

It is entirely true, as contended by the present respondents, that this and other decisions to like effect concerned the value of a remainder, the time of taking effect of which was conditioned on such an unpredictable contingency. It is obvious, however, that the two phases or parts of a gift of life estate and remainder are inextricably interwoven. As this court has frequently noted (*Matter of Shupack*, 158 Misc. 873, 877, and authorities cited), a testator as to any particular item of property or sum of money subject to his disposition, may give its use to one for a period not involving an infringement of the Statute of Perpetuities and may give the remainder to another. If the subject-matter of the gift is, as in the present case, approximately $60,000, then the value of the gift to the first person may be algebraically represented by the unknown quantity of " X," and that to the remainderman as " Y." The sum of the two represents the postulated total of $60,000. The resulting equation of X plus Y equals $60,000 becomes solvable, and the values of the respective unknown components may be ascertained, only if the value of one or the other can be determined. If either can be fixed, the value of the other

is also computable. It follows, therefore, that the determination in the *Humes* case is a direct pertinent precedent for the position that the value of such an estate as is here given to the widow is unascertainable for tax purposes by any actuarial art or method of mathematical calculation yet devised.

Without this preliminary factor as a basis, it is wholly impossible for the executor to make the necessary computation for the essentially requisite demonstration of the particular number of dollars and cents which should be deducted from the *prima facie* tax assessed under section 249-n, since four-fifths of one per cent of " X " still contains the unknown and unknowable quality of " X."

The benefit given under the will to the widow is of that intermediate variety known as contingently vested or vested subject to divestment (*Matter of Terwilligar*, 135 Misc. 170, 184; affd., on opinion of this court, 230 App. Div. 763), the value of which is unascertainable as of the date of death of the testator and is consequently incapable of appraisement by reason of being defeasible. In such an estate the present statute, which unlike its predecessor requires immediate and final fixation of rights, contemplates the denial of the exemption. (*Matter of Chollet* [FOLEY, S.], 148 Misc. 782, 783.)

Whereas, however, exemption must be denied to the gift under the terms of the will in respect of the testamentary benefit, it appears from the schedules that a Totten trust in the sum of $7,500 passed to the widow upon the death of the testator and was properly included in the gross estate. Since this vested in her absolutely, the estate is entitled to a *pro tanto* exemption on account of it, with the composite result that the exemption as allowed by the appraiser must be reduced by the sum of $12,500. The matter will accordingly be remitted to him for further action in accordance with this opinion.

Enter order on notice in conformity herewith.