In the Matter of the Estate of NINA M. CAMPANARI, Deceased.

Surrogate's Court, Bronx County, February 28, 1947.

*Gerard T. Remsen* and *Arthur A. Wilson* for appellants.

*Abraham D. Levy* and *Hamilton McInnes* for State Tax Commission.

HENDERSON, S. This appeal by the executors of the decedent herein from a *pro forma* order fixing the estate tax, is based upon the ground that included in the net taxable estate in said order, upon which the tax is based, is the sum of $20,000 which the executors urge, is not taxable because it should have been allowed as a specific personal exemption under section 249-q of article 10-C of the Tax Law to Christofer C. Campanari as the surviving husband of the decedent and a legatee under her will.

The decedent died a resident of Bronx County on the 3d day of July, 1941, leaving a last will and testament which was admitted to probate in this court on September 16, 1941. The order fixing tax was entered on April 24, 1946.

Under paragraph " Tenth " of her will, decedent created a trust of her residuary estate valued at $194,063.41, with directions to pay the income thereof to her husband " during his life and until his remarriage." Upon such death or remarriage, whichever shall occur first, the principal is to be divided into separate trusts for the life of decedent's niece and that of the nephew with gifts over to the issue of the said niece and nephew.

The State Tax Commission contends that since there is no specific table by which a definite value can be set upon a life estate to a spouse " until his remarriage ", the value of the interest of decedent's husband is unascertainable and therefore the exemption requested should be denied.

It is not disputed that the value of the husband's life estate without condition would be in excess of $20,000.

Prior to July 8, 1946, it had uniformly been established that the probability of the remarriage of a spouse or the probable time of such event if it should occur, was unascertainable by any actuarial or mathematical calculation (*Humes* v. *United States,* 276 U. S. 487, 494; *Dunbar* v. *Dunbar,* 190 U. S. 340; *Herold* v. *Shanley,* 146 F. 20; *Matter of Rothfeld,* 163 Misc. 11).

On July 8, 1946, the Circuit Court of Appeals held in *Commissioner of Internal Revenue* v. *Maresi* (156 F. 2d 929) that the commuted value of the liability of testator's estate under a divorce decree for payments to his former wife until she should die or remarry, based on American experience tables reflecting life expectancy and the probability of the remarriage of widows, was deductible from decedent's gross estate in computing the estate tax thereon. It appears that the petitioner therein produced a table, which was accepted by the court, dealing with the probabilities of the remarriage of widows based upon records of workmen's compensation insurance organizations.

Under the statute, section 249-q of the Tax Law, an exemption must be allowed on the value of any estate, whether in possession or expectant, when the value thereof can be ascertained with reasonable certainty upon the basis of known data (*Matter of Cregan*, 275 N. Y. 337).

In the instant case, the appellants have not attempted to produce any known data such as are embodied in experience tables, nor is the court aware of any statistics which could be produced from which the probability of this husband's remarriage and the time thereof could even be conjectured.

The appellants insist, however, that despite the inability to fix the value of the husband's interest in accordance with mortality tables, there are facts in the present case which resolve any uncertainty.

In support of this assertion, they show that the husband, who was fifty-four years of age at the date of decedent's death, is now fifty-nine years of age and unmarried. Between the period of July 3, 1941, the date of decedent's death, and May 2, 1944, a period of less than four years, he has actually received as income from the trust, the sum of $21,583.61. In an affidavit sworn to November 2, 1945, filed with the appraiser, he alleged that it was his intention not to marry. He was willing to execute any instrument deemed adequate by the appraiser, to the effect that it was his intention not to marry and that he would positively agree not to marry for at least four years from the date of decedent's death. By such an agreement, he would have been treated as having an estate for life not to exceed four years.

The appellants, in advancing their contention, overlook the fact that the estate tax is upon the act of the testatrix and not on the receipt of property by the legatees. The transfer of the net estate takes place upon decedent's death and every estate transferred must be valued as of that date (*Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Matter of Cregan*, 275 N. Y. 337, 341, *supra*). The husband's interest therefore, cannot be valued in the light of the circumstances set forth by the executors and such circumstances do not constitute the " known data " which may be considered by the court. The appeal must be overruled.

Settle order confirming the *pro forma* order fixing tax.