*618 MEMORANDUM BY
CHIEF JUSTICE CAMPBELL
The considerations upon which the court bases its judgment are as follows:
The question for decision is whether, under the undisputed facts, the executors of the will, in the ascertainment of the value of the neb estate, may deduct from the value of the gross estate a bequest to trustees for charitable purposes where such bequest is upon a contingency that may never happen.
(1) The revenue act of 1918, 40 Stat. 1098, sec. 403, authorizing deductions from the gross estate of the amount of all bequests or gifts to a trustee, exclusively for religious or charitable purposes, contemplates bequests or gifts intended to take effect (1). upon-the testator’s death, or (2) upon the happening of an event that will certainly occur.
(2) If the contingency, upon which the bequest is to go to the charitable purpose, be such that the bequest or gift may never become effective in possession or enjoyment the statute does not authorize a deduction of the amount, or its ascertained value, from the gross estate.
(3) In the instant case any right to the supposed charitable bequest is liable to be defeated if and when the niece, made the principal beneficiary under the residuary clause of the will, attains forty years of age. In other words, the supposed bequest to charity may never ripen into possession or enjoyment. It is, therefore, too remote, contingent, and uncertain to be taken into account in determining the value of the net estate for the purposes of the estate tax under the revenue act of 1918.
Moss, Judge; Hay, Judge; and Booth, Judge, concur.
Graham, Judge, took no part in the decision of this case.