GRAham, Judge,
delivered the opinion of the court:
This is an action to recover a sum paid as an additional estate tax on the estate of Edwin C. Stewart. It involves the question whether by the terms of the will of said Stewart a residuary estate to charitable purposes following a life estate should be taxed as part of the net estate of the decedent at his death. The provision of the will involved is as follows:
“ Twelfth. I give unto my beloved wife, Annie L. Stewart, of Ithaca, New York, the use for her natural life of all the rest, residue, and remainder of my property, real, personal, and mixed of which I may die seized, with full authority to sell and dispose of any real estate of which I may die seized, for such figures as she may, in her judgment, deem for the best interest of my estate. I also authorize my wife, Annie L. Stewart, to use any additional sum from the principal of my estate that may be necessary to suitably maintain her in as much comfort as she now enjoys. I request my wife, Annie L. Stewart, from the said income of my estate, to give *690 annually, a sum sufficient in her judgment for the maintenance of my cousin, Grace L. Ely, of West Allenhurst, New Jersey.”
The question raised is whether under the will the plaintiff, as executor, was entitled to deduct from the gross estate of decedent at his death the full value of the residuary legacy. The Government contended that it could not, but must account for the tax on the same as part of the gross estate, in conformity with the provisions of the applicable statute.[1] It has been held that what was taxed by the statute was not the interest to which the legatees and devisees succeeded on the death but the interest which ceased by reason of death. Y. M. C. A. v. Davis, 264 U. S. 47, 50; Edwards v. Slocum, Id. 61. In the case of Mitchell et al. v. United States, 63 C. Cls. 613, it was held that the revenue act applicable here, authorizing deductions from the gross estate of the amount of all bequests or gifts to a trustee, exclusively for religious or charitable purposes, applied only to bequests or gifts intended to take effect “ upon the testator’s death or upon the happening of an event that will certainly occur,” and that if the contingency upon which the bequest was to go to charitable purposes was such that the bequest might never become effective in possession or enjoyment, there was no authority *691 under the statute for a deduction of the amount, or its ascertained value, from the gross estate.
In the present case it will be seen that the use during her natural life of all of the estate was given to decedent’s wife, and authority to sell and dispose of any of the real estate as in her judgment she might deem for the best interest of the estate, and to use “ any additional sum from the principal of my estate that may be necessary to suitably maintain her in as much comfort as she now enjoys.” The will further provides that “ from the balance o.f my estate at the death of my wife I give ” in trust certain named sums for charitable and religious purposes.
It is clear that what is given for charitable and religious purposes is the “ balance ” of the estate at the death of the life tenant, whatever that “ balance ” might be. The life ■tenant had not only the use of the personal property but the right to dispose of the real estate at her discretion and to use as much of the principal as would enable her to live in the comfort described in the will.
Without entering into a discussion of what limitations there were, if any, on expenditure by the life tenant “to suitably maintain her in as much comfort as she now enjoys,” it is evident that the failure of investments, the diminution of the income, the high cost of living, and the changing ideas of what constitutes comfort might well absorb a good part, and possibly all, of the principal sum and leave no balance for charity, and that a contingency permeates the gifts to charity which may prevent any of them from ever going into possession and enjoyment. The gifts for charitable and religious purposes, therefore, did not take effect upon the death of the testator or upon the happening of an event which would certainly occur, and consequently, within the meaning of the statute, could not be deducted from the gross estate. In this view of the case the plaintiff is not entitled to recover.
This is a grant of a privilege by the Government and is to be construed in favor of the grantor. Hannibal, etc., R. R. Co. v. Missouri River Packet Co., 125 U. S. 260, 271; Swan & Finch Co. v. United States, 190 U. S. 143, 146; and Cornell v. Coyne, 192 U. S. 418, 431. This construction of *692 the statute has been the uniform practice of the Treasury Department having in charge its execution, which should carry weight with the court. United States v. Moore, 95 U. S. 760, 763; Schell's Executors v. Fauché, 138 U. S. 562. But, more than this, it is in conformity with the regulations of the Treasury Department promulgated under the authority of the Secretary of the Treasury, which has the effect of law when reasonably adapted to the enforcement of the act and not in conflict with statutory provisions. United States v. Birdsall, 233 U. S. 223, 231; United States v. Small, 236 U. S. 405, 409, 411; United States v. Morehead, 243 U. S. 607; and Maryland Casualty Co. v. United States, 251 U. S. 342, 349.
The petition should be dismissed, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.

 The applicable sections of the revenue act of 1918, 40 Stat. 1096, 1098, are as follows:
“ Sec. 401. That (in lieu of the tax imposed by Title II of the revenue act of 1916, as amended, and in lieu of the tax imposed by Title IX of the revenue act of 1917) a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 403) is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act, whether a resident or nonresident of the united States.”
“ Sec. 403. That for the purpose of the tax the value of the net estate shall be determined — •
“(a) In the case of a resident, by deducting from the value of the gross estate—
* * * * *
“(3) The amount of all bequests, legacies[1], devises, or gifts, to or for the use of the united States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes. This deduction shall be made in case of the estates of all decedents who have died since December 31, 1917.”