In the Matter of the Estate of ROLAND W. SMITH, Deceased.*

Surrogate's Court, Saratoga County, November 16, 1933.

*Taylor, Blanc, Caprone & Marsh,* for the executor.

*Stephen H. Keating,* for the State Tax Commission.

* See 143 Misc. 606.

TUCK, S. At the time the assessing order was made, counsel for the estate and for the State Tax Commission submitted briefs, and the surrogate, sitting as the tax officer, wrote an opinion to explain his reasons for permitting an exemption to each of decedent's children in the amount of $5,000. The State Tax Commission has appealed from the order assessing the estate and fixing the tax.

Counsel for decedent's estate objects to the appeal upon the ground that the function performed at the time referred to was a judicial function and cite *Matter of Steinwender* (172 App. Div. 871). That case has no application to the present case. There had been an appeal from the order of the surrogate as assessor or taxing officer to the surrogate, and thereafter an attempt to have a second appeal. The courts properly held that no provision was made for a second appeal in the Tax Law. It is not the manner in which the tax officer performs his function which determines what his function is — whether judicial or ministerial. The tax officer must act in the capacity provided by the statute and whatever manner of acting does not vary the nature of his functions.

The motion to dismiss the appeal on the part of counsel for decedent's estate is, therefore, dismissed.

Roland W. Smith died a resident of Saratoga county January 8, 1931, leaving a last will and testament which was duly admitted to probate by the surrogate of Saratoga county.

The deceased gave his entire residuary estate unto his trustees in trust for the benefit of his wife during her lifetime, and upon her death directed his trustees to divide the principal so held in trust into two equal parts and to continue the trust and apply the income from one part to Roland W. Smith, Jr., decedent's son, during his natural life, and the income of the other part to Emily Lawrence Smith, his daughter, during her natural life.

The testator provides for distribution of his estate so held in trust for either or both of his children and further provides that should both children die leaving no issue the principal of the residuary estate should pass to the issue of the testator's brother.

Testator left his widow and said two children him surviving and in the proceedings to fix the estate tax the net value of the estate is determined at $85,486.55.

According to the Combined Experience Table of Mortality, the present value of the interest of Roland W. Smith, Jr., in his father's estate is $10,475.58 and that of Emily Lawrence Smith $11,432.85.

The Combined Experience Table of Mortality is an authority recognized by the courts and applied generally to ascertain the value of future estates.

The particular question which is presented here is whether from the amount so determined by use of the Combined Experience Table of Mortality as the value of the shares of the two children of deceased, there shall be deducted the beneficial provision made for a son and daughter in section 249-q of the Tax Law to the extent of $5,000 for each of said children.

The provisions of the law now known as the New York Estate Law went into operation September 1, 1930, and it superseded all other provisions of law made in respect to inheritance taxes upon the estates of decedents. Generally, as is pointed out by the notes of the revisers, the scheme of the Federal Estate Law has been followed in devising this legislation. Under the statutes which formerly prevailed a great variety of questions arose as to the amount of tax to which the State became entitled by reason of gifts of decedents, the possession and enjoyment of which were postponed to some future time. The Legislature appears to have been desirous of expunging from the law those provisions which have been applied with great difficulty and have involved a vast deal of litigation and hair-splitting decisions and to have adopted a law, plain and simple in its terms, by which the revenue which the State levied upon gifts became settled and certain for all time.

In the opinion of this court, it was the intention of the Legislature to ignore contingent or future estates so far as the payment of the tax upon them was concerned and to provide, as far as it was able, for a complete determination in respect to tax matters not alone for the benefit of the State but of the taxpayers.

Applying this belief as to the legislative intent to the present situation it is the opinion of the court that the Legislature intended the benefit of the exemptions provided in section 249-q should apply and the amount of the exemption so fixed should be deducted from the present value of a future estate so that the balance subject to tax could be ascertained and the State paid the revenues which it had a right to anticipate and such revenues released immediately for public use.

The question here presented, because the enactment of the statute has been of such recent date, appears not to have been previously passed on, but counsel for the State Tax Commission has cited to the court the authority of *Humes* v. *United States* (276 U. S. 487), in which case a decedent provided in event of the death of a niece without issue before attaining the age of forty years one-half of a trust principal should be given to certain charities and with like effect upon the death of her brother as to the other one-half of the trust principal.

The testator left her niece her surviving and also her brother

and the charities applied to have the value of their contingent interest determined and deducted to the extent of $482,034. The method of obtaining this valuation was not by use of a standard formula such as has been applied in the case now before this Surrogate's Court but recourse was had to authorities not regarded as standards by courts and as to which Judge BRANDEIS has written: " Neither taxpayer, nor revenue officer — even if equipped with all the aid which the actuarial art can supply — could do more than guess at the value of this contingency. It is clear that Congress did not intend that a deduction should be made for a contingent gift of that character."

Further in the *Humes* case the decision is influenced by reason of article 56 of Treasury Department Regulation 37 which provides: " Where the bequest, legacy or devise   *   *   *   is dependent upon the performance of some act, or the happening of some event, in order to become effective it is necessary that the performance of the act or the occurrence of the event shall have taken place before the tax can be allowed. Where by the terms of the   *   *   * devise or gift it is subject to be defeated by a subsequent act or event, no deduction will be allowed."

There are no provisions of this character now in existence in respect to the New York State Tax Law. It is to escape the uncertainties, difficult and intricate litigation involved in such cases that our present statute appears to have been adopted.

The *Humes* case offers no guide or precedent for the matter now under consideration.

The taxing order should provide for a deduction to the extent of the exemption provided by the statute for the benefit of the widow and for each of the children.

Submit order accordingly upon notice.