In the Matter of the Appraisal of the Estate of M. Boas Lande, Also Known as Marcus B. Lande, Deceased.*

State Tax Commission, Appellant; Elliot M. Lande and Others, as Executors, etc., of M. Boas Lande, Deceased, Respondents.

First Department, May 4, 1934.

* Revg. 149 Misc. 203.

*John F. Keating* of counsel [*Seth T. Cole* with him on the brief; *Edgar Hirschberg*, attorney], for the appellant.

*Jacob H. Epstein* of counsel [*Bokor & Epstein*, attorneys], for the respondents.

TOWNLEY, J. The State Tax Commission on this appeal claims that an exemption has been improperly allowed by the surrogate of New York county. The question involves a determination of the interest taken by Helene Lande under the will of her father. The pertinent parts of the will are as follows:

" *Fourth.* I direct that all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, be divided into two (2) equal parts, and I hereby give, bequeath and devise one (1) such part to my son Elliot M. Lande, his personal representatives and assigns, absolutely and forever; and I hereby give, bequeath and devise the remaining part unto my trustees hereinafter named and appointed, their survivors or successors, in trust nevertheless, to enter into and upon and take possession thereof, and to hold and invest the same for the benefit of my daughter, Helene S. Lande, paying to her or to her guardians from time to time so much of the income accruing therefrom as they shall deem proper and sufficient in their uncontrolled discretion and reinvesting the surplus income until she reaches the age of twenty-five (25) years, when the said trust shall terminate, and the principal and surplus income therefrom remaining in said trust shall be paid to my daughter, her personal representatives and assigns, absolutely and forever. I hereby authorize my said trustees in the event that they shall deem the income from said trust insufficient for the proper maintenance of my daughter, to apply such part of the corpus of the trust fund as in their discretion may be proper and desirable, and the determination of said trustees shall be final and conclusive. I further authorize the said trustees to terminate said trust at any time after my daughter reaches the age of twenty-one (21) years if in the opinion of said trustees, which shall be final and conclusive, it shall be for the best interests of my daughter that the trust be terminated and the principal of the estate paid to her.

" *Fifth.* In the event that my daughter shall die before the termination of the trust fund herein created for her benefit, I direct my said trustees to pay the principal of said trust and any accrued interest therefrom to my son Elliot M. Lande, his personal representatives and assigns absolutely and forever."

The appraiser assessed the net estate at $10,556.64. One-half of the interest passing to Elliot Lande was reported at $5,278.32 and an exemption of $5,000 was allowed thereon. The appraiser

interpreted the interest of Helene Lande as a trust estate for years terminating at the age of twenty-five years or sooner with a remainder over to herself. The estate for years was calculated by the Superintendent of Insurance to be worth $920 and the remainder interest was valued at $4,358.32 and was declared to be taxable in full. The *pro forma* order of the surrogate fixed the estate tax at $37.09. The executors appealed from this *pro forma* order dated June 19, 1933, on the ground that the appraiser was in error in not considering the interest passing to Helene Lande as equivalent to at least a life estate.

The surrogate sustained the contention of the executors and exempted the estate from tax. We think, however, that the gift in trust was deliberately intended to be an estate for years until the donee reached the age of twenty-five. This interpretation is supported by the view taken in the several opinions of the court in *Matter of Vanderbilt* (172 N. Y. 69). In that case the decedent created a trust for the benefit of Alfred G. Vanderbilt until he became thirty years of age at which time one-half of the trust estate was to be turned over to him. The trust was to continue until he became thirty-five years of age when the remainder was to become his absolutely. The court construed this gift to be an estate in trust for specified periods with a remainder vested in the beneficiary subject to be defeated by his death before the expiration of such periods, and held that the trust estates created must be separately appraised. The view of the learned surrogate that one who takes for a period of years or less takes a life estate because he may die before the period expires is untenable. Such a view would destroy entirely the concept of an estate for years which was in the testator's mind and contradicts the plain meaning of the words used in the will.

Article 10-C of the Tax Law is modeled on the Federal Estate Tax Act. It is settled that there must be uniformity of interpretation so far as possible between the New York and the Federal acts. (*Matter of Weiden*, 263 N. Y. 107.) By subdivision b of section 249-q of the Tax Law certain deductions and exemptions are permitted from the value of the gross estate, the effect of which is to reduce the amount of tax to be paid by the executors. The present claim is based on the following provision covering exemptions: " The tax * * * shall not be payable with respect to * * * b. The amount of the net estate, not exceeding five thousand dollars in each instance, transferred to a lineal * * * descendant."

The Federal court has been very strict in allowing exemptions only in cases where it is certain that the beneficiary claiming the

exemption will take the property. Where it is uncertain whether the property will be received, no exemption is allowed. (*Humes* v. *United States*, 276 U. S. 487; *Farrington* v. *Commissioner of Internal Revenue*, 30 F. [2d] 915; affd., 13 B. T. A. 274; *Delaware Trust Co.* v. *Handy*, 53 F. [2d] 1042; *Ithaca Trust Co.* v. *United States*, 279 U. S. 151.) The cases cited refer to contingent gifts over. It seems clear, however, that the reason for the decisions is that an exemption applicable to an estate which the beneficiary may receive only contingently is not to be granted. With that principle in mind, the conclusion is inescapable that while Helene S. Lande may ultimately take the full one-half interest in her father's estate, the present value of what she is certain to take is the value of an estate for years which may sooner terminate.

Accordingly, we hold that the only interest that is subject to exemption in this case, as it is presented to us, is a trust estate for years. The statute expressly provides that the method to be employed in arriving at the value of this interest is that it shall be computed by the Superintendent of Insurance and shall be determined by the rule, method and standard of mortality and value employed by him in ascertaining the value of annuities for the determination of liabilities of life insurance companies. The certificate of the Superintendent of Insurance which is applicable to this case shows the value at $920.

The order appealed from, therefore, should be reversed and the *pro forma* order of the surrogate should be reinstated, with costs and disbursements.

Finch, P. J., and Martin, J., concur; O'Malley and Glennon, JJ., dissent.

Order reversed, the *pro forma* order of the appraiser [surrogate] reinstated and the proceeding remitted to the surrogate of the county of New York for further action in accordance with opinion, with costs and disbursements to the appellant.