In the Matter of the Estate Tax upon the Estate of ROLAND W. SMITH, Deceased.*

STATE TAX COMMISSION, Appellant; CITY BANK FARMERS TRUST COMPANY, as Executor, etc., of ROLAND W. SMITH, Deceased, Respondent.

Third Department, January 8, 1936.

*Stephen H. Keating* [*Seth T. Cole* of counsel], for the State Tax Commission, appellant.

*Mitchell, Taylor, Capron & Marsh* [*James D. Ouchterloney* of counsel], for the respondent.

* Revg. 149 Misc. 540.   See, also, 143 Misc. 606.

RHODES, J. The question presented for determination is whether the contingent bequests to the children of the testator are transfers of the kind which are exempt from taxation by section 249-q of the Tax Law.

Testator died January 8, 1931, survived by a widow and by a son, Roland W. Smith, born January 27, 1914, and a daughter, Emily Lawrence Smith, born October 27, 1921. His will, so far as material here, creates a trust of the residue of his estate, and the income thereof is given to his widow during her life. Upon the death of the widow, the trust is to be divided into two equal parts, the net income of one of said parts to be given to the decedent's son, and the net income of the other to be given to his daughter. Upon the termination of either of said trusts for the children, the remainder is given to specified descendants of testator, and if there be none, then the remainder is given to the two brothers of testator or to their issue.

It will thus be seen that the possession and enjoyment of any part of testator's estate by his said children or descendants is contingent, and may never occur.

The amount of the net estate as determined by the surrogate is $85,486.55. From this amount the order of taxation allows a deduction of $30,000 exemptions, being $20,000 because of the transfer to the widow and $5,000 for each of the two children.

The learned surrogate, in his opinion, states that according to the combined experience table of mortality (See Tax Law, § 249-v), the present value of the interest of Roland W. Smith, Jr., in his father's estate is .$10,475.58, and that of Emily Lawrence Smith, $11,432.85, and upon this basis allowed an exemption of $5,000 for each child. It is the exemption allowed on the gift to the children which is questioned by the State Tax Commission.

Section 249-n of the Tax Law imposes a tax " upon the *transfer* of the net estate of every person dying," after the date specified therein. Such tax is at the rate of four-fifths of one per centum on the value of the net estate not in excess of $150,000.

Section 249-q of said law exempts from such tax " the amount of the net estate, not exceeding five thousand dollars in each instance, *transferred* to a lineal ancestor or descendant."

If the provisions of the will for the benefit of the son and daughter of testator constitute a transfer within the meaning of section 249-q, then the exemption was properly allowed. If such provisions do not constitute a transfer, then the exemption should not have been granted.

It must be conceded that the provisions for said children constitute a gift of a contingent interest in the estate, but the consensus of

opinion is that such a gift does not amount to a transfer of that part of the estate within the meaning of the Tax Law.

The question has been considered in *Matter of Mead* (145 Misc. 893); *Matter of Smith* (147 id. 73); *Matter of Chollet* (148 id. 782); *Matter of Lande* (241 App. Div. 138).

In those cases the conclusion was reached that an exemption can only be allowed where the possession and enjoyment of the interest granted has become fixed and vested; that where such interest is contingent or conditional and may never vest or be enjoyed, then the exemption is not allowable.

In *Matter of Roosevelt* (143 N. Y. 120) it was said that it is not to be assumed that the Legislature intended to compel the citizen to pay a tax upon an interest he may never receive, and that " It does not follow because the Legislature taxes persons beneficially entitled to property or income, in possession or expectancy, that a tax was thereby imposed upon an interest that may never vest; until that time arrives the power to tax does not exist."

If such an estate or interest may not be taxed as a transfer because it may never vest, by the same reasoning it is not a transfer, entitled to an exemption from taxation; otherwise the anomalous situation would result where such gift would be both a transfer and not a transfer.

The distinction between an interest which has developed into a right of possession and enjoyment, and one which may never thus ripen, is presented in the case before us. The widow's rights under the trust have become fixed, she is entitled to the enjoyment thereof. and it is not disputed that properly and lawfully exemption has been granted upon the transfer of the interest to her. The children are not entitled to possession and enjoyment; hence the gift of the interest to them does not amount to a transfer of any part of the estate so as to allow an exemption from taxation thereon.

The order appealed from should be reversed upon the law, the *pro forma* order of the appraiser (surrogate) modified as herein indicated, and the proceeding remitted to the surrogate for further action, in accordance with this opinion, with costs and disbursements to each party, payable out of the estate.

BLISS and HEFFERNAN, JJ., concur; HILL, P. J., concurs in a separate memorandum; CRAPSER, J., dissents.

HILL, P. J. (concurring). An exemption of $5,000 is granted upon a transfer to a lineal descendant. (Tax Law, § 249-q, ¶ b.) The will of the testator directs a division following a life use by his widow and after her death. " The general rule applicable to the facts here presented is well established that when property at a future

date is to pass to a certain class of persons it will be distributed amongst the persons who compose such class at the date of distribution." (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127, 133.) Until the death of testator's widow, which event by the terms of the will terminated her intervening estate, neither testator's children nor their issue received a bequest which the child or issue could sell or bequeath. (*Paget* v. *Melcher*, 156 N. Y. 399.) " It is not to be assumed that the Legislature intended to compel the citizen to pay a tax upon an interest he may never receive, and the reasonable construction of this statute leads to no such unjust result." (*Matter of Roosevelt*, 143 N. Y. 120, 123.)

I favor a reversal of the order.

Order reversed on the law, and *pro forma* order of the appraiser (surrogate) modified as indicated in the opinion, and proceeding remitted to the surrogate for further action in accordance with opinion, with costs to each party, payable out of the estate.