In the Matter of the Estate of FRANCES B. BONNER, Deceased.

Surrogate's Court, Westchester County, January 13, 1936.

*Ivan E. Maginn,* for the executor.

*Edgar Hirschberg* [*Thomas P. McLaughlin* of counsel], for the State Tax Commission.

SLATER, S. The executor and the State Tax Commission have filed cross-appeals to the *pro forma* order entered on the 24th day of October, 1935, fixing the estate tax.

The appeal of the executor is upon the ground that an exemption of $3,658, allowed to the husband of the decedent, is erroneous and said exemption should have been allowed in the sum of $20,000 pursuant to section 249-q of article 10-C of the Tax Law, by reason of the fact that a provision in the will gives the trustee the right to invade the principal, either in all or in part, for the benefit of the husband and life tenant.

The appeal of the State Tax Commission is upon the ground that an exemption of $5,000 was improperly allowed to a grandson in violation of the foregoing section of the Tax Law, by reason of the fact that a provision in the will gives the trustee the right to invade the principal for the benefit of the life tenant and thus the value of the remainder is uncertain and unascertainable.

The decedent died on May 8, 1934, leaving a last will and testament admitted to probate on September 11, 1934. Under the terms of the will, the residuary estate is given to her trustee, in trust, to pay the net income to Paul Russell Bonner, her husband, during the term of his natural life. Upon his death the trustee is to pay the net income of the remainder of the trust to her grandson, Paul Russell Bonner Moore, until such time as he shall reach the age of thirty years, when the trust is to terminate and the principal, with accrued income, paid to him. The trustee is author-

ized, in his discretion, during the lifetime of the husband, to invade the principal for the maintenance and support of the husband. The will further provides that, if the grandson predeceases the husband, the trust is to terminate and the principal, with any accrued income, is to vest in the husband absolutely. In the event that the grandson dies before reaching the age of thirty years, but after the death of the husband, leaving issue, the trust is terminated and the principal, with accrued income, is to be paid to his natural children him surviving. The will also provides that, if the grandson dies before reaching the age of thirty years, but after the death of the husband, without leaving issue, the trust shall terminate and be paid to Judson Wilbur Moore, son of the decedent, or his legal heirs absolutely.

The tax was fixed on motion of the executor. The *pro forma* order fixed the value of the net estate at the sum of $11,669.99. It allowed an exemption of $3,658 to the husband, as being the present value of his life estate as fixed by the Superintendent of Insurance, and an exemption of $5,000 on the remainder after the life estate.

In the instant case it is not certain that there will be any invasion of the principal of the trust. On the other hand, it may all be exhausted before the death of the husband. It is certain, however, that the husband has a present vested life estate. The exemption as fixed by the tax order is, therefore, correct. The contention that he is entitled to a full exemption of $20,000 is incorrect and cannot be sustained.

The interests of remaindermen are not vested but come into being at the death of the beneficiary of the trust, and they take what is not *used* for the trust beneficiary. (*Matter of Dinkel*, 133 Misc. 868; *Matter of Nugent*, 142 id. 594.)

The exemptions allowed under section 249-q of the Tax Law are only those which can be made definite and certain as of the date of testator's death by the appraisal of interests *then indefeasibl vesting.*

The possibility that there may be no funds at all to vest in any one when the death of the husband actually occurs places all possible remaindermen in the position of doubtful beneficiaries, and plainly puts their interests in the class of contingent remainders rather than vested interests. (*Matter of Leichtman*, 147 Misc. 589; *Matter of Lande*, 241 App. Div. 138; *Matter of Mead*, 145 Misc. 893; *Matter of Smith*, 147 id. 73; *Matter of Chollet*, 148 id. 782; *Matter of Baldwin*, HETHERINGTON, S., N. Y. L. J. March 16, 1935, p. 1369.)

The exemption of $5,000 to the remaindermen was improperly allowed. The appeal of the executors is dismissed. The appeal of the State Tax Commission is sustained.

Submit amended order accordingly.