In the Matter of the Tax upon the Estate of MARTIN J. CREGAN, Deceased.*

STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant; SARAH V. CREGAN and MARTIN C. CREGAN, as Executors, etc., of MARTIN J. CREGAN, Deceased, and SARAH V. CREGAN, MARTIN C. CREGAN, JOHN CREGAN, CECELIA HART, LESTER W. CREGAN and CORNELIUS 'F. CREGAN, Residuary Legatees, Respondents.

First Department, December 11, 1936.

*Seth T. Cole* of counsel [*Edgar Hirschberg*, attorney], for the appellant.

*Simon M. Platt*, for the respondents.

McAvoy, J.    Martin J. Cregan, who died May 5, 1934, was a resident of Bronx county; his last will and testament and codicil thereto were duly admitted to probate in the Surrogate's Court of Bronx county, and letters testamentary thereon were issued on June 14, 1934, to Sarah V. Cregan and Martin C. Cregan, as executors.

The estate tax appraiser who was appointed pursuant to the provisions of section 249-u of the Tax Law, for the purpose of appraising the estate of said decedent, made a report to the surrogate which showed that the value of the gross estate was $31,881.52 at the time of testator's demise; that the total deductions were $5,003.27; and that the value of the net estate was $26,878.25. The report also set forth that the exemptions allowed by section 249-q of the Tax Law were $7,717.19, on account of the portion of the net estate transferred to the widow, and $5,000 on account of the transfer to the executors of the remainder in the residuary estate after the widow's life estate, making the total exemptions $12,717.19.

A *pro forma* order assessing the estate tax was entered thereafter, which was modified by an order entered July 3, 1935, on the appeal from such *pro forma* order to the surrogate.    The modified taxing order assessed a tax of $141.61 on a net estate of $14,161.06, which represented the aforesaid value of the gross estate, less the aforesaid deductions and exemptions.

The executors and residuary legatees appealed to the surrogate from the modified taxing order, on the grounds (a) that the appraiser had allowed an insufficient sum as a deduction for the fee of the attorney who represented the estate, and (b) that exemptions

aggregating $30,000 should have been allowed under section 249-q of the Tax Law on account of transfers to the six children of the decedent, instead of the exemption of $5,000 that was allowed.

The surrogate dismissed that portion of the appeal relating to the amount of the attorney's fee, without prejudice, and that question is not before this court.

That portion of the appeal relating to the amounts of exemptions to be allowed was sustained, and an order was entered on February 3, 1936, declaring the estate to be exempt from tax under article 10-C of the Tax Law.

From the last-mentioned order the State Tax Commission appeals to this court.

The decedent's will created a trust of the residuary estate, and directed that the income thereof should be paid to his widow for life. Upon the widow's death the corpus was to be divided among the decedent's six children in specified proportions.

Paragraph eleventh of the will provided as follows:

" *Eleventh*. If any of the beneficiaries, who take out of my residuary estate, shall die before my beloved wife, Cecelia Elizabeth Cregan, then in that event I will and direct that the proportionate part that the said beneficiary would have taken shall be divided equally among my remaining beloved children living at the time the said residuary estate is divided as provided in paragraph tenth of my will herein."

The particular portion of article 10-C of the Tax Law, which imposes the estate tax, that is of importance in the determination of the issue raised by this appeal, is contained in section 249-q, and reads as follows:

" § 249-q. Exemptions. The tax of four-fifths of one per-centum of the amount of the net estate not in excess of one hundred and fifty thousand dollars imposed by section two hundred and forty-nine-n of this article shall not be payable with respect to

" a. The amount of the net estate not exceeding twenty thousand dollars transferred to a husband or wife;

" b. The amount of the net estate, not exceeding five thousand dollars in each instance, transferred to a lineal ancestor or descend-ant, adopted child, stepchild, or lineal descendant of an adopted child or stepchild, or to a brother or sister, or to the wife or widow of a son, or to the husband or a widower of a daughter, or to any child to whom the decedent for not less than ten years prior to such transfer stood in the mutually acknowledged relation of a parent, provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter."

The executors and residuary legatees contend that the remainder

in the residuary estate is vested in the children and they are presently the owners of the residuary estate, so that each may have the benefit of an exemption.

The State Tax Commission contends that exemptions are allowable only in case persons specified therein are certain to receive a share of the estate. In this case it is certain that a child or children of the testator will receive the remainder in the residuary estate, after the widow's life estate, but, in view of the fact that only such of the children as survive the widow will take, it cannot now be said with certainty that more than one child will be entitled to an exemption, and, therefore, only one exemption, in the sum of $5,000, is authorized.

The surrogate relied largely upon the decision of the surrogate of Saratoga county in *Matter of Smith* (143 Misc. 606; 149 id. 540), which sought to distinguish *Humes* v. *United States* (276 U. S. 487).

Since the surrogate's opinion in the case at bar was written, the *Smith* case has been reversed by the Appellate Division, Third Department (246 App. Div. 99), and the decision of that court is directly in point as an authority here.

The surrogate, in deciding the case at bar, cited *Matter of Wimpfheimer* (N. Y. L. J. Jan. 10, 1933, p. 173) and stated that in that case an exemption was allowed for each grandchild. As a statement of fact that is correct, but the case is not at all in point. All that the surrogate held in that case was that the interests of the grandsons were indefeasibly vested. This being so, each was, of course, entitled to an exemption.

He also cited *Matter of Bob* (N. Y. L. J. Aug. 13, 1932, p. 548). This case sustains the contention of the State Tax Commission.

Exemptions under section 249-q of the Tax Law are allowable only when it is certain that the persons specified therein will receive property from the estate of a decedent, and cannot be permitted where transfers to such persons are dependent upon survival of the beneficiary although vested in the legal sense at testator's death.

The State Tax Commission urges that the provisions contained in paragraph eleventh of the will make it clear that there is no certainty that more than one of the children of the testator will receive a share in the remainder of the residuary estate. It states that this is so because the remainder of the residuary estate upon the death of the widow, the life tenant, is to be divided among the children living at the time. It may be, it is further argued, that all of the children will predecease the widow, in which event the remainder in the residuary estate will pass by intestacy, and the amount of exemptions on account of transfers to children would be in excess of $5,000, but, if only five of the children predecease the widow,

the remaining child will take the entire residuary estate, and there will be but one exemption of $5,000. This was the ruling adopted by the appraiser and the *pro forma* order directed its approval. The State Tax Commission was content with this determination of the *pro forma* order and did not appeal therefrom to the surrogate. Accordingly that rule is the law of this case as to that Commission. We find that there can be but a single exemption allowed here, and, therefore, the grant of exemptions to each child's share in the estate to the extent of $5,000 was error.

The fact that each of the six children has survived the mother does not alter this construction of section 249-q of the Tax Law.

The decree should be reversed, with costs, the taxing order entered July 3, 1935, should be reinstated, and the matter remitted to the surrogate of the county of Bronx for further action in accordance with this opinion.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; DORE, J., dissents and votes for affirmance.

DORE, J. (dissenting). The testator by his will gave the income from his residuary estate to his wife during her life and on her death the corpus to his six named children in specified proportions. By paragraph eleventh of the will, however, the several remainders were subject to be divested if the remainderman should predecease the life beneficiary.

Section 249-q (Tax Law, art. 10-C), so far as relevant, provides an exemption not exceeding $5,000 with respect to the amount of the estate " transferred to a lineal * * * descendant." The majority of the court has ruled that as the remainders in the corpus of the trust fund were not indefeasibly vested but were dependent on the children surviving the life beneficiary, no exemption under section 249-q should be allowed; the rule is laid down that exemptions are allowable " only when it is certain that the persons specified * * * will receive property from the estate of a decedent;" and accordingly the surrogate's order granting the exemption to each of the remaindermen was reversed.

In my opinion the surrogate's ruling should be affirmed on the ground that where, as here, remainders of lineal descendants are vested at the date of the testator's death, even though subject to being later divested by a condition subsequent, an ascertainable interest in the estate is then " transferred " and, therefore, the exemptions provided by law should be allowed.

Section 40 of the Real Property Law provides:

" § 40. When future estates are vested; when contingent. A future estate is either vested or contingent. It is vested, when there

is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain."

There is no distinction between remainder interests in personal or real property; the rules are the same. (*Stringer* v. *Young*, 191 N. Y. 157.) Accordingly the remainders to the six children herein were vested at the date of death as there were at that time persons in being who would have the immediate right to possession on the determination of the precedent life estate to the widow; neither the persons to whom nor the event on which it was limited were uncertain.

If the remainder is contingent, nothing vests in the remainderman at the date of death, and no exemption should be allowed; but if a remainder is vested and its value ascertainable under the mortality tables as provided in section 249-v of the Tax Law, the transfer, in my opinion, was intended to be and should be exempt; for an estate that is vested by the transmission of property under the will at decedent's death is a transfer by the decedent, as it is for all purposes the then property of the person in whom it has vested unless and until the condition subsequent (here death before the widow) arises.

This conclusion is sustained not only by the settled rules of law regarding the transfer of vested remainders but by the purposes and other provisions of the Estate Tax Law. The present law (Art. 10-C, applying to the estates of persons dying after September 1, 1930) takes the place of the former inheritance tax and transfer tax which had been in existence in this State since 1885. It is an exaction demanded by the sovereign as a condition to the exercise by the decedent of the right or privilege to transfer property at death. The former Inheritance Tax Law and Transfer Tax Law taxed the legatee; the present Estate Tax Law, analogous to the Federal estate tax, taxes the executor. Section 249-z provides that a tax " shall be due and payable at the time of the decedent's death and shall be paid by the executor, subject to being by him charged against and collected from the persons interested in the estate," in order, as provided in the last paragraph of section 249-n, " that it shall be proportionately borne by those who have received the benefit." The Estate Tax Law accordingly aims to fix the tax as of the date of death. That is the controlling and operative date. It is the transfer then made that is taxable, or, as the case may be, proportionately exempt. In *Ithaca Trust Co.* v. *United States* (279 U. S. 151) Mr. Justice HOLMES said: " The estate so far as may be is settled as of

the date of the testator's death. * * * The tax is on the act of the testator, not on the receipt of property by the legatees. * * * Therefore the value of the thing to be taxed must be estimated as of the time when the act is done."

Further, section 249-v provides that " The *value of every future or limited estate,* income, interest or annuity for any life or lives in being, *or in any way dependent upon any life or lives in being, whether vested or contingent,* shall be determined by the rule, method and standard of mortality and value employed by the Superintendent of Insurance." (Italics mine.) This section expressly authorizes an evaluation of future estates for tax purposes, and that is precisely what the surrogate did.

Section 249-z, subdivision 4, provides a method of deferring the incidence of a tax on a remainderman who might object to being taxed on the ground that he was not certain to receive his share of the estate on the final division thereof. At the election of the executor the taxation of such remainder interest may be deferred on posting an appropriate bond.

It is difficult to see what significance these provisions have that is consistent with the construction contended for by the State Tax Commission.

Here the remainders were not gifts to a class; the donees were named and the fractional part given to each specified; there was no right to invasion of the corpus of the fund during the widow's life. Each child, therefore, at the testator's death took a *vested* remainder and the value of such remainders was clearly ascertainable under the standards of mortality and value employed by the Superintendent of Insurance and were so ascertained by the surrogate in definite sums not exceeding $5,000 for each lineal descendant.

In most of the cases cited by the State Tax Commission in support of its contention the remainders were not vested but contingent as above defined. In *Matter of Lande* (241 App. Div. 138) the issue litigated was whether the testator's daughter, Helene Lande, under her father's will took a life estate or an estate for years. The court held (two judges dissenting) that the interest passing to the beneficiary was an estate for years and should be exempt only on that basis and not exempt as a life estate under subdivision b of section 249-q. It is true the court said, " Where it is uncertain whether the property will be received, no exemption is allowed," but the question of the remainder interest was neither considered nor decided, and the case is not controlling here.

*Humes* v. *United States* (276 U. S. 487), strongly relied upon by the appellant, is clearly distinguishable. There one-half of the residuary estate was placed in trust for the niece of the testatrix,

portions of the principal to be paid to her upon her attaining the ages of thirty and thirty-five years and the balance upon her arrival at the age of forty, the income in the meantime to be paid to her; but if she died without issue before attaining forty, the amount of the principal not previously paid to her was given to certain charities. The remainder to the charities in that case clearly was not vested at death but was contingent, its vesting depending upon (1) marriage of the niece, then fifteen years old, and (2) her death without issue before she was forty years of age. That was a highly contingent remainder and no mortality tables or tables of value could estimate the value of such an interest as of the testatrix's death. That case is further to be distinguished because the Federal Estate Tax Law is subject to the Treasury Department regulations, and the Treasury Department has made a regulation (Regulations 80 [1934], art. 47) that if any bequest may be defeated by a subsequent act no deduction will be allowed until after the termination of any possibility thereof. The Estate Tax Law of New York has no such provision nor are there any regulations thus construing it.

In any event, if it be deemed that the decisions of the Federal courts may be considered, the Supreme Court of the United States in a case decided a year later than the *Humes* case (*Ithaca Trust Co.* v. *United States*, 279 U. S. 151) held that a bequest to charity after a life estate to the testator's wife with the right to invasion of the corpus was deductible for Federal tax purposes.

That case is especially illuminating because on the authority of *Mitchell* v. *United States* ([1927] 63 Ct. Cl. 613; affd., *sub nom. Humes* v. *United States*, [1928] 276 U. S. 487), the Court of Claims held that the right of the life tenant to use any additional sum from the principal that might be necessary suitably to maintain her gave rise to a contingency permeating the gifts to charity which might prevent any of them from ever going into possession and enjoyment and that hence they could not be deducted from the gross estate. Nevertheless the Supreme Court of the United States held that the provision for the maintenance of the widow did not make the gifts to charity so uncertain that a deduction of the amount of those gifts from the gross estate in order to ascertain the estate tax could not be allowed.

The manifest injustice of the ruling contended for by the State Tax Commission and the way it will work out in the majority of cases to defeat exemptions to lineal descendants is well illustrated by the present case. At death the widow was sixty-eight years of age; the oldest child, forty; the youngest, thirty; the widow's expectancy was nine and forty-six one-hundredths years and the

oldest child's, twenty-eight and forty-eight one-hundredths years. In fact the widow has since died, leaving all of the six children surviving, each of whom has since received in possession and enjoyment the vested interest transferred at death without being allowed the express exemptions granted to lineal descendants under section 249-q. While the actual event is of course not the determining factor, but the status of the transfer as of the date of death controls, nevertheless if the Legislature intended that only estates that are indefeasibly vested are to be allowed exemptions it would have been easy for the Legislature to say so. It does not say so by the wholly unqualified use of the word " transferred " in subdivision b of section 249-q; and as the statute is a taxing statute it should be strictly construed against the State and favorably to the taxpayer (*Matter of Bronson*, 150 N. Y. 1), and doubt, if any, should be resolved against the taxing power (*Gould* v. *Gould*, 245 U. S. 151).

The anomaly and inconsistency of the State Tax Commission's contention is further illustrated in that it took no appeal from the appraiser's ruling that there should be one exemption of $5,000 allowed, apparently on the theory that at least one of the six children would survive the widow. Of course, at the testator's death, it could not be said that it was " certain " that even one of the children would in any event survive the widow, as all six might have perished in a common calamity before the widow. But if survival of at least one child was deemed to be certain, it was so only because it was thus indicated by the mortality tables, and the very same mortality tables also indicated that all six children would survive the widow, as in fact they have survived her. Under the present construction what is now to be done with the single allowed exemption of $5,000? Clearly it would be unjust to grant it in its entirety to only one of the children, and presumably it will be prorated among all six. But by what authority in law? The law provides an exemption of $5,000 to *each* lineal descendant. Under the statutory authority, the sole basis for any exemption, there is no basis whatever for prorating a single exemption among six lineal descendants, each of whom is entitled to a separate exemption if any exemption is allowable.

Accordingly, I dissent and conclude that the accepted meaning of the transfer of vested remainders under the law of estates, the purpose of the estate tax, and a proper construction of section 249-q, subdivision b, and the other sections herein quoted, require that where as in this case vested remainders to lineal descendants are transferred at death, the value of which is ascertainable by the standard mortality values employed by the Superintendent of Insurance, such transfers are exempt to not exceeding $5,000 for

each lineal descendant, and, accordingly, the order of the surrogate should be affirmed, with costs.

Decree reversed, with costs, the taxing order entered July 3, 1935, reinstated, and the matter remitted to the surrogate of the county of Bronx for further action in accordance with the opinion.