In the Matter of the Estate of ALBERT H. FRIDENBERG, Deceased.

Surrogate's Court, New York County, March 9, 1937.

*Bernard Gordon* [*Bessie Reiser* of counsel], for the Central Hanover Bank & Trust Company, Ida Edith Fridenberg and Bernard Gordon, as executors, etc.

*Edgar Hirschberg* [*Frank J. Ryan* of counsel], for the State Tax Commission.

FOLEY, S. This is an appeal by the executors from the *pro forma* order of December 24, 1936, fixing the estate tax on the appraiser's report. The grounds of appeal are (1) that an exemption of $5,000 under section 249-q of the Tax Law should have been allowed against the interest in the estate received by Percy Fridenberg, a brother of the decedent, and (2) that there was erroneously included as part of the gross estate securities valued at $58,248.13 which the decedent, within two years of his death, transferred to his widow, Ida E. Fridenberg.

The first ground of appeal is denied. Under the will, Percy Fridenberg receives an outright legacy of $2,000. He is also one of the contingent remaindermen of the residuary trust of over $300,000 established for the life of the widow of the decedent. The appraiser allowed the exemption to the extent of the vested interest of $2,000. He refused to allow the balance of the exemption against Percy Fridenberg's interest of one-tenth of the remainder of the residuary trust on the theory that such interest is contingent and, therefore, not entitled to an exemption. Under the provisions of the sixth paragraph of the will, Percy Fridenberg must survive the life beneficiary of the trust in order to receive his one-tenth share of the remainder, otherwise his interest is payable to his legal heirs. His interest in the remainder is, therefore, vested, but subject to be divested, and is consequently contingent. No exemption may be allowed for a remainder interest, defeasible, contingent or conditional. (*Matter of Cregan*, 249 App. Div. 200; *Matter of Chollet*, 148 Misc. 782; *Matter of Smith*, 147 id. 73.)

The second ground of appeal is sustained. The decedent died on October 3, 1935, at the age of eighty years. In the month of July, 1934, he made a gift of bonds totaling $8,236.88 to his wife, and on January 3, 1935, he established an irrevocable trust for her benefit by transferring securities of the value of $50,011.25 to a trust company as trustee. These transfers are claimed by the State Tax Commission to have been made in contemplation of death. As is common in people of advanced years, the decedent during the last ten years of his life had arteriosclerosis.

The evidence submitted to the appraiser shows that until five years prior to his death he had actively engaged in his profession as a physician; that to the day of his death he maintained a vigorous interest in lay and professional matters; that he personally managed his affairs to and including the day of his death; that his securities account with a bank shows transactions one day and two days prior to his death, which transactions were at the decedent's personal direction. From the evidence submitted it appears that the transfers were made to replenish the individual resources of his wife, which had become depleted by reason of the depression and because of expenditures for household purposes over a long period of years. The transfers were made to enable the wife to continue the household expenditures and were, therefore, in contemplation of life rather than of death.

The factual situation here is somewhat similar to that considered by me in *Matter of Peters* (N. Y. L. J. March 28, 1933, p. 1812), where I pointed out that the United States Supreme Court, in construing a similar provision of the Federal Estate Law, held that

age of itself did not furnish a decisive test as to the taxability of a transfer, although made within two years of death. ( *United States* v. *Wells,* 283 U. S. 102.) In the pending case the evidence submitted rebuts the presumption contained in the statute. I, therefore, hold that the transfers were not made in contemplation of death.

Submit order on notice modifying the order fixing tax in accordance with this decision.