## In the Matter of the Estate of FRIEDA STROH, Deceased.

Surrogate's Court, Monroe County, June 22, 1939.

*P. H. Donnelly*, for the appellants.

*F. J. D'Amanda*, for the State Tax Commission.

FEELY, S. The executors and residuary legatees appeal from a *pro forma* tax order entered January 14, 1939, imposing on this estate a tax of $78.02. Testatrix died October 7, 1938, leaving a husband and three married daughters. She and her husband had held land by the entirety of the value of $3,500. Her personal property, after payment of debts and expenses of administration,

amounted to $9,981.72. At her death the value of her husband's life use of the personal estate, computed at the age of seventy-three, appears to have the value of $2,179.73.

The will gave the net estate to trustees to use the income for the suitable support, care and maintenance of the husband, " and if the income is not sufficient for that purpose * * * to use so much of the principal as in their judgment shall be necessary." Whatever may remain at his death is given equally to the three daughters then living, or to the children of any then dead, or to the surviving daughters if there be no child of such predecedent daughter.

On this basis the *pro forma* order of January 14, 1939, set out the net cash value of the estate at $13,481.72. This is made up of $3,500 in the entirety holding and the net personalty of $9,981.72. There was deducted as being within the $20,000 exemption the sum of $5,679.73, which was made up of the $3,500 in the entirety, plus $2,179.73 as the present value of the husband's life use alone.

The balance of the net personalty, $7,801.99 is set out as the taxable estate. This apparently represents the residual interests, which are taxed at $78.02, without the $5,000 exemptions for the daughters, and without regard to the right of the life beneficiary to have the principal of the estate applied to his support. The residuary legatees, the three married daughters, claim they each should be allowed the $5,000 exemption.

The residual $7,801.99 is property in which both the husband and the daughters acquired at the death of testatrix legal rights that are both contingent in nature and indefinite in extent; and more so in their case than in his. Were it not for the husband's right to have the principal of the estate used for his support as the trustees judge he may need it, the value of the residual right of a daughter could be mathematically ascertained, even though a provision is made for survivorship in the group on their decease pending the life estate (*Matter of Cregan*, 275 N. Y. 337); but the further condition either of leaving children,— some possibly yet unborn,— or else of not leaving any children, is a " remote and speculative contingency " (*Matter of Cregan, supra*, p. 346), which cannot be presently forecast with any reasonable certainty; and in the background is implicit the other unpredictable possibility that all three daughters may yet die childless in their father's lifetime or prehaps simultaneously; and in such event the then unconsumed principal would fall, at the father's death, to collaterals who could not claim any exemption whatever. So, it cannot now be foretold either what, if any, part of this residue will be left on hand at the husband's death, or just who will receive at

that time. No such conditions existed either in the *Matter of Cregan* (275 N. Y. 337), or in *Matter of Mancuso* (170 Misc. 298); but conditions practically like those here presented were held in *Matter of Leichtman* (147 Misc. 589) to justify denial of exemptions under section 249-q of the Tax Law.

As to the husband, while it can be argued that because of his right to have the whole of the $7,801.99 applied to his needs, he can be said to be, at the outset, the potential owner of it all. In that case all exemption would be exhausted. Still such right is not absolutely his, but depends on the good judgment of the trustees as to his actual needs from time to time; and for those reasons his right here is not the equivalent either of outright ownership or of the unconditional life benefit that is requisite for claiming the exemption of $20,000. (See *Matter of Rothfeld*, 163 Misc. 11, 15.) The order in question correctly exempted the present value of his right for life to the income. (*Matter of Bonner*, 157 Misc. 810.)

As to the daughters, under this will they do not take a remainder that is vested in right but defeasible only in amount; rather they take a remainder that is contingent both as to right (see *Matter of Chollet*, 148 Misc. 782), and also as to amount (see *Matter of Bonner*, 157 Misc. 810); and in addition, it is a remainder that may be divested to the extent that non-exempt persons might possibly be the ones to take any part of this residue there may be on hand at the life beneficiary's death (see *Matter of Fridenberg*, 163 Misc. 68).

My opinion is that the *pro forma* order herein is in accord with the statute, as interpreted by the courts, and should stand as made.

Enter an order dismissing on the merits the appeal therefrom.